IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2004

## STATE OF TENNESSEE v. RAWSHARD J. SMITH

**Direct Appeal from the Criminal Court for Hamilton County**
**Nos. 234611 and 238674      Rebecca J. Stern, Judge**

---

**No. E2004-00573-CCA-R3-CD - Filed November 10, 2004**

---

The Defendant, Rawshard J. Smith, pled guilty to possessing less than .5 grams of cocaine. He was sentenced as a standard Range I offender to three years on intensive probation. Following a revocation hearing, the trial court revoked the Defendant's probation and ordered him to serve the remainder of his sentence in confinement. The Defendant now appeals. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Ardena J. Garth, Public Defender, Chattanooga, Tennessee, for the appellant, Rawshard J. Smith.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; Bill Cox, District Attorney General; and Mary Sullivan Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant was ordered to begin serving his three-year sentence on intensive probation on January 17, 2002. On August 14, 2002, a Probation Violation Report was filed against the Defendant, alleging that he had violated the terms of his probation by being unemployed; not being home for curfew checks; reporting sporadically to the probation office; being past due in paying his supervision fees; and failing to make any payments on his fine. On May 19, 2003, the trial court filed an order dismissing the Report "[f]or good and sufficient reasons . . . and on motion of the State." The Defendant was thereupon placed back on intensive probation for an additional six months.

On September 25, 2003, a second Probation Violation Report was filed against the Defendant. A hearing was held on February 2, 2004, at which Ms. Mildred Taylor, the Defendant's probation officer, testified. Ms. Taylor stated that the Defendant was not at home at curfew checks and was reporting "sporadically." Ms. Taylor testified that the last time the Defendant reported was on August 12, 2003. The Defendant further got fired from his job. The Defendant's girlfriend told Ms. Taylor that the Defendant was no longer living at their address. Ms. Taylor testified that she did not think the Defendant was taking his probation seriously and that, in her opinion, the Defendant was not "suited" for probation. Ms. Taylor recommended that the Defendant's probation be revoked and he be sent into confinement. On cross-examination, Ms. Taylor admitted that the Defendant had not been arrested while he was under her supervision, and passed a drug screen.

The Defendant also testified. He stated that he had not used any drugs in over a year. He was not at home during curfew checks because he was fighting with his girlfriend. He had a car accident in late August, missed several days of work, and lost his job as a result. In November 2003, after the instant Report was filed, he was convicted of criminal trespass. He stated that he was charged because he crossed a roadblock, but he needed to visit a sick aunt. The Defendant testified that, if he was able to continue his probation, he would move in with his grandmother.

After hearing this testimony, the trial judge ruled as follows:

> I find that [the Defendant] has violated his probation in the following ways: He missed several curfews. When the probation officer went to his home listed, the girl friend told them he had moved. [The probation officer] had not received any new address on him. I find that he stopped reporting in August '03. He stopped going to work and got fired from his job. That he has not paid his fines and fees as required and that he has a new criminal conviction for criminal trespassing.
>
> Therefore, his probation is revoked.

The Defendant now appeals, claiming that "the record does not contain sufficient evidence to support revocation of" his probation.

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

When a probation revocation is challenged, the appellate courts have a limited scope of review. This Court will not overturn a trial court's revocation of a defendant's probation absent an abuse of discretion. See Shaffer, 45 S.W.3d at 554. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, "there must be no substantial

evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." Id.

The Defendant's contention is without merit. The record supports the trial court's findings that the Defendant violated the terms of his probation in several respects. We conclude that the trial court did not abuse its discretion in ordering revocation of probation and ordering that the balance of the sentence be served in confinement.

Accordingly, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE