# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 23, 2007

## STATE OF TENNESSEE v. MICHAEL D. GILLIAM

### Appeal from the Circuit Court for Montgomery County
### No. 40300328      John H. Gasaway, III, Judge

---

### No. M2006-01528-CCA-R3-CD - Filed February 27, 2007

---

The Defendant, Michael D. Gilliam, appeals from the order of the Montgomery County Circuit Court revoking his probation and ordering that his eight-year sentence be served in the Department of Correction. In December of 2003, the Defendant pled guilty to possession of .5 grams or more of cocaine for resale and received an eight-year sentence. The sentence was suspended following service of twenty days in the county workhouse, and the Defendant was placed on probation. On June 23, 2005, a warrant was issued, wherein it was alleged that the Defendant violated the conditions of his probation. After a hearing, the trial court concluded that the Defendant violated the conditions of his probationary sentence and ordered that his original eight-year sentence to the Department of Correction be reinstated. On appeal, the Defendant argues that the trial court abused its discretion by revoking his probation and ordering that his sentence be served in confinement. After a review of the record, the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Jeffrey S. Grimes, Clarksville, Tennessee, for the appellant, Michael D. Gilliam.

Robert E. Cooper, Jr., Attorney General and Reporter; Preston Shipp, Assistant Attorney General; John W. Carney, District Attorney General; and John Finklea, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

The Defendant was indicted on alternative counts of possession with the intent to sell or deliver twenty-six grams or more of a substance containing cocaine. See Tenn. Code Ann. § 39-17-417. On December 3, 2003, the Defendant pled guilty to one count of possession of .5 grams or more of cocaine for resale, a Class B felony. See id.[1] Pursuant to the negotiated plea agreement, the Defendant received a sentence of eight years as a Range I, standard offender. The sentence was suspended following service of twenty days in the county workhouse, and the Defendant was placed on probation. He was also ordered to perform 150 hours of community service.

On March 17, 2005, the Defendant was arrested and charged with two counts of illegal possession of a Schedule II controlled substance. He was arrested again on June 2, 2005, and charged with six counts of illegal possession of a Schedule II controlled substance.[2] Based upon these new charges, a violation warrant was issued on June 23, 2005, wherein it was alleged that the Defendant had violated the conditions of his probation by failing to obey the law and by possessing narcotic drugs.

On June 6, 2006, a probation revocation hearing was held.[3] At the beginning of the hearing, the State entered the presentence report into evidence as an exhibit. The Defendant then testified on his own behalf.

The Defendant testified that he was working as a "laborer" for Coleman Tires, changing "eighteen wheeler tires . . . if they break down on beside [sic] of the road or something[.]" He stated that he had been working there for "[a] couple of months." According to the Defendant, he was twenty-four years old and providing support for his girlfriend's three children, and he had been doing so for "these last three years." The Defendant also assured that, if he were returned to probation, he would comply with the conditions of his probation. He testified that his "life ha[d] changed[,]" that he would not be "slinging those drugs" anymore, and that he was trying to get his business "working or cutting the grass . . . back together . . . ."

On cross-examination, the Defendant admitted that he had not maintained steady employment while on probation and that he should not have been selling drugs. He acknowledged that the case

---

[1]The transcript of the guilty plea hearing and the presentence report are not included in the record on appeal.

[2]These new charges ultimately resulted in the Defendant's guilty pleas in January of 2006 to two counts of selling over .5 grams or more of cocaine.

[3]The trial court also imposed sentencing on the new drug convictions at this time. The Defendant received an effective nine-year sentence for these two new convictions, which sentence was to be served consecutively to the original eight-year sentence in the Department of Correction. The nine-year sentence was suspended and to be served on probation.

against him on the new drug charges was "strong"—the sale being to an undercover agent and videotaped. He agreed that he took "the easy route" by making "quick money" from selling drugs. He stated that, as part of his guilty plea to these new charges, "a lot of cases" were dismissed. The Defendant also agreed that he "should go straight to jail[.]"

On redirect examination, the Defendant testified that he was "not trying to keep on living that life style." He pledged that he would "walk the straight and narrow[.]"

Elizabeth Bland Archuletta Marero, a friend of the Defendant's grandmother, testified that she had known the Defendant for three to four years. She stated that she was "not going to paint a picture that he [was] just so great" but that the Defendant was "very, very kind to—and very mindful of the responsibilities of those children . . . ." She further testified that the Defendant had "loyalty . . . to making sure that [the children were] taken care of and his girlfriend [was] taken care of." According to Ms. Marero, she had seen a "big, big change in" the Defendant, stating that he was "finally kind of growing up and seeing . . . the easy way [was] not always the right way out."

At the conclusion of the proof, the trial court revoked the Defendant's probation based on these new convictions and remanded him to the Department of Correction. It is from this determination that the Defendant now appeals.

**ANALYSIS**

The Defendant contends that the evidence adduced at the hearing did not support revocation of his sentence. He does not challenge the grounds supporting revocation but argues that he should be given "a second chance" because he "sees the error of this way . . . ."

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

When a probation revocation is challenged, the appellate courts have a limited scope of review. This Court will not overturn a trial court's revocation of a defendant's probation absent an abuse of discretion. Shaffer, 45 S.W.3d at 554. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." Id.

Based upon our review of the record, we conclude that there is substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation occurred. Regardless of the fact that the Defendant "sees the error of this way," it nonetheless remains that the Defendant breached his agreement that he would obey the law. The Defendant continued to sell

drugs while on probation. The trial court was statutorily authorized to reinstate the Defendant's original eight-year sentence. Tenn. Code Ann. §§ 40-35-310, -311(e), -36-106(e)(4).[4] Accordingly, we conclude that the trial court neither erred nor abused its discretion in revoking the Defendant's probation. This issue is without merit.

## CONCLUSION

The record reflects that the trial court made a conscientious and intelligent judgment to revoke the Defendant's probation and order reinstatement of his eight-year sentence in the Department of Correction. The judgment of the Montgomery County Circuit Court is affirmed.

_____
DAVID H. WELLES, JUDGE

---

[4] We note that the legislature has recently amended several provisions of the Criminal Sentencing Reform Act of 1989, said changes becoming effective June 7, 2005. However, the Defendant's crime in this case occurred prior to June 7, 2005, and the Defendant did not elect to be sentenced under the provisions of the Act by executing a waiver of his ex post facto protections. See 2005 Tenn. Pub. Acts ch. 353 § 18. Therefore, this case is not affected by the 2005 amendments, and the statutes cited in this opinion are those that were in effect at the time the instant crimes were committed.