IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 30, 2007

## STATE OF TENNESSEE v. DANNY RAY THORNHILL

**Appeal from the Circuit Court for Blount County**
**No. C-15917     Jon Kerry Blackwood, Judge**

---

**No. E2006-02675-CCA-R3-CD - Filed December 10, 2007**

---

The Defendant, Danny Ray Thornhill, appeals from the order of the Blount County Circuit Court revoking his probation.  In May of 2006, the Defendant pled guilty to aggravated assault, a Class C felony, and was sentenced as a Range I, standard offender to three years in the Department of Correction.   His sentence was suspended, and he was placed on supervised probation. Approximately four months later, the trial court issued a violation of probation warrant.  After a hearing, the trial court found that the Defendant had violated the conditions of his probation and ordered that his original three-year sentence be served in confinement.  On appeal, the Defendant argues that the trial court abused its discretion by finding that he had violated the terms of his probation.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); and Mack Garner, District Public Defender (at probation revocation hearing), for the appellant, Danny Ray Thornhill.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Mike Flynn, District Attorney General; and Ellen Berez, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

On the evening of December 31, 2005, the Defendant was arrested for aggravated assault. The affidavit of complaint included in the record on appeal alleges that the Defendant had threatened to cut and stab Michelle Barns, his children's aunt, with a "large knife" in the course of an argument. On May 8, 2006, a criminal information was issued against the Defendant, charging him with

aggravated assault. He pled guilty the same day and was sentenced to serve three years in the Department of Correction as a Range I, standard offender. His sentence was suspended, and he was placed on supervised probation. The terms of his probation included that he should not violate any laws and that he was to immediately notify his probation officer if he was arrested for any subsequent offense. He was also forbidden to drink alcohol or use controlled substances.

On September 20, 2006, the trial court issued a probation violation warrant alleging that he had violated the terms of his probation by committing additional criminal offenses and by failing to report those arrests to his probation officer. On December 11, 2006, a probation revocation hearing was held.

The Defendant's probation officer, Christie Jessee, testified that the Defendant reported to her for their first appointment on August 1, 2006, but he missed all subsequent appointments. Two days after their initial meeting, the Defendant was arrested for and pled guilty to public intoxication. A certified copy of the Defendant's conviction for public intoxication committed on August 3, 2006, was introduced into evidence. The Defendant did not notify Ms. Jessee of this new offense until after she had petitioned the trial court to revoke his probation.

After conducting a routine records check, Ms. Jessee learned that the Defendant had also been arrested for domestic violence and criminal impersonation on August 22, 2006. Again, the Defendant did not report the new arrests to Ms. Jessee. At the time of the hearing, the domestic violence and criminal impersonation charges were still pending.

Ms. Jessee further testified that one of the requirements of the Defendant's probation was that "he not behave in a manner that is a threat to others," and she indicated that the Defendant failed to uphold this requirement when he was charged with the August 22, 2006 domestic assault against his significant other.

The fifty-one-year-old Defendant testified that he was a widower and that he had four minor children who had been placed in the custody of Michelle Barnes after he "lost them while drinking." The Defendant admitted he had an alcohol problem and stated that he was "slightly mentally ill." He stated that he was unable to work and received disability payments from the Social Security Administration.

He admitted that he had been drinking when he was arrested for public intoxication on August 3, 2006. On that occasion, he was at the justice center for the purpose of paying court costs. The Defendant agreed that since he was placed on probation he had consumed alcohol "a couple of times," that he had missed appointments with his probation officer, and that he did not timely advise his probation officer about his arrests for public intoxication, domestic violence, and criminal impersonation.

He further admitted that he had previously been placed on probation for domestic violence in Knox County in 2002 and had violated his probation in that instance. He also admitted that he

had previous arrests and convictions for public intoxication, possession of marijuana, carrying a weapon with the intent to go armed, reckless endangerment, and indecent exposure.

At the close of the hearing, the trial court found that the Defendant had failed to report his arrests to his probation officer and that he had been convicted of public intoxication. Consequently, the trial court revoked the Defendant's probationary sentence and reinstated his original three-year sentence. The Defendant appealed.

**Analysis**

On appeal, the Defendant argues that sufficient evidence was not presented to the trial court to establish that his noncompliance with the terms of his probation was willful. He contends that the trial court abused its discretion by ordering "full revocation" and that revocation was unreasonable based on the trial court's findings. He states that he had been taking positive steps to address his alcohol abuse problem and planned to continue treatment.

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

When a probation revocation is challenged, the appellate courts have a limited scope of review. This Court will not overturn a trial court's revocation of a defendant's probation absent an abuse of discretion. See Shaffer, 45 S.W.3d at 554. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." Id.

In the present case, the trial court was presented with ample evidence establishing that the Defendant had violated the terms of his probation. Specifically, the evidence showed that he had been arrested for and pled guilty to public intoxication after being placed on probation. The Defendant also admitted to violating his probation by failing to immediately report his subsequent arrests to his probation officer. Accordingly, the trial court did not abuse its discretion by revoking the Defendant's probation.

**Conclusion**

Based on the foregoing authorities and reasoning, we affirm the order of the trial court revoking the Defendant's probation and reinstating his original sentence.

_____
DAVID H. WELLES, JUDGE