# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 5, 2010

## STATE OF TENNESSEE v. PAUL WILLIAM PERRY, SR.

**Direct Appeal from the Circuit Court for Hardeman County**
**No.  09-01-0827     J. Weber McGraw, Judge**

_____

**No. W2010-00790-CCA-R3-CD  - Filed December 13, 2010**

_____

The Defendant-Appellant, Paul William Perry, Sr., appeals the revocation of his community corrections sentence. He originally pled guilty in the Circuit Court of Hardeman County to aggravated assault, a Class C felony, and vandalism between $1,000 and $10,000, a Class D felony.  Perry was granted an alternative sentence of four and a half years with the Corrections Management Corporation.  Perry admits that he violated the terms of his sentence; however, he argues that the trial court erred by revoking the sentence and ordering confinement.  Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and J. C. MCLIN, JJ., joined.

Gary F. Antrican, District Public Defender; Shana Johnson, District Public Defender (at trial) Waverly, Tennessee; Clifford K. McGown (on appeal) Somerville, Tennessee, for the Defendant-Appellant, Paul William Perry, Sr.

Robert E. Cooper, Jr., Attorney General and Reporter; Brian C. Johnson, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Joe VanDyke, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background**.  The indictment alleges that Perry fired numerous gunshots at the victim's property, causing significant damage to her house, car, and four-wheeler.  The victim was inside of her home at the time of the offense.  The judgments were entered against Perry on August 13, 2009.  He was sentenced as a standard offender to four and a half years for aggravated assault and three years for vandalism.  The trial court ordered these sentences

to run concurrently in the Tennessee Department of Correction. Perry was ordered to pay $7,200 in restitution through monthly payments of $150. Pursuant to the plea agreement, the original sentence was suspended after Perry served 156 days in jail. He was ordered to serve the remainder of his sentence with the Corrections Management Corporation, a community corrections program.

The sentencing order required Perry to enter into a Behavioral Contract Agreement. This agreement set forth the terms of the alternative sentence. On November 3, 2009, a case officer for the Corrections Management Corporation submitted a petition to the trial court which alleged that Perry violated the terms of the Behavioral Contract Agreement. The case officer requested that the trial court issue a capias and schedule a revocation hearing. The petition alleged the following violations:

> Mr. Perry is in violation of Rule #2, which states, "All Offenders under house arrest will be required to remain at home unless performing community service, working, attending classes or counseling." Mr. Perry was not at home on: 8/30/09 (5:24pm), and 9/4/09 (6:44pm).

> Mr. Perry is in violation of Rule #6, which states, "Offenders will not use or possess intoxicants, inhalants, narcotic drugs or controlled substances, nor visit business establishments where alcoholic beverages are the primary source of business. Offenders will also be subject to random alcohol and drug screening." Mr. Perry tested positive for Cocaine on 8/25/09, and 10/27/09. He was advised to seek inpatient treatment and he refused.

> Mr. Perry is in violation of Rule #9, which states, "All Offenders will report in person to their supervising Case Officer as directed at a pre-designated meeting place. At this meeting, the Case Officer and Offender will develop a weekly activity schedule which the Offender must follow and complete." Mr. Perry did not report for his scheduled weekly on 9/8/09 (3p-5p).

Based on these alleged violations, the trial court issued a warrant for Perry's arrest.

The trial court conducted a revocation hearing on March 12, 2010. Defense counsel said Perry stipulated to the alleged violations. Defense counsel asked the trial court to consider ordering a period of confinement before reinstatement to the Corrections Management Corporation or probation. Perry was the only witness to testify at the hearing, and he admitted to the violations set forth by the case officer. He acknowledged that he owed a substantial amount of restitution; however, he claimed he had $1,200 which he was willing to pay towards restitution. Perry asked the trial court to consider placing him in

rehabilitation. He testified that he had issues that needed to be addressed. Presumably, Perry was referring to problems with substance abuse. He acknowledged that he declined an opportunity to go to rehabilitation while with the Corrections Management Corporation. Perry spent seventy-seven days with the Corrections Management Corporation.

At the conclusion of the hearing, the trial court found that Perry violated the terms of the Behavioral Contract Agreement . It revoked the alternative sentence, and it imposed the original term of confinement. The trial court stated:

> On the agreed violation, there appears to be several substantial reasons why he has violated his probation. He did receive the benefit, apparently, of a good resolution when he entered the plea; therefore, the Court does not believe he should be given any further relief. His suspended sentence will be revoked.

Perry filed a timely notice of appeal in challenging the judgment of the trial court.

## ANALYSIS

Perry concedes that he violated the terms of his community corrections sentence. He claims, however, that the trial court erred by revoking his sentence and imposing the original term of confinement. Perry argues that the trial court should have imposed an alternative sentence aimed at rehabilitating his substance abuse problem. The State contends that the trial court acted within its discretion in sentencing Perry because he admitted to the violations. The State also asserts that Perry was given the opportunity to seek rehabilitation while with the Corrections Management Corporation. Upon review, we agree with the State.

The Tennessee Supreme Court has held that the same principles that apply in the revocation of probation also apply in the revocation of community corrections. State v. Harkins, 811 S.W.2d 79, 83 (Tenn. 1991). The revocation of community corrections, like the revocation of probation, rests within the sound discretion of the trial court. Id. A trial court may revoke either alternative sentence upon a finding by a preponderance of the evidence that the defendant violated the conditions of the sentence. See T.C.A. §§ 40-35-310, -311(e) (2009). An appellate court will uphold a trial court's decision to revoke probation or community corrections absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005); State v. Webb, 130 S.W.3d 799, 842 (Tenn. Crim. App. 2003) (quoting Harkins, 811 S.W.2d at 82). In order to establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's conclusion to revoke either of the alternative sentences. See State v. Schaffer, 45 S.W.3d 553, 554 (Tenn. 2001). After a probation or community corrections

sentence has been revoked, the trial court may order the imposition of the original sentence. T.C.A. §§ 40-35-311(e), -36-106(e)(4) (2009).

In this case, Perry admitted that he violated the terms of his sentence by failing to report for a scheduled meeting, twice testing positive for cocaine, and twice leaving his home without authorization. Therefore, the trial court was authorized by statute to revoke Perry's community corrections sentence and impose the original term of confinement. Id. We recognize that Perry seeks rehabilitation. At the revocation hearing, he acknowledged that he needed treatment and that he was open to rehabilitation. The record shows that Perry previously declined to attend rehabilitation programs ordered by the court. As such, the trial court was permitted to revoke his sentence and order confinement. Perry has not shown that the trial court abused its discretion. Accordingly, he is not entitled to relief.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE