# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 19, 2011

## STATE OF TENNESSEE v. JOSHUA MAURICE HICKMAN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2009-I-269     Mark J. Fishburn, Judge**

_____

**No. M2010-01063-CCA-R3-CD - Filed June 8, 2011**

_____

The Defendant-Appellant, Joshua Maurice Hickman, appeals the revocation of his community corrections sentence. He pled guilty in the Criminal Court of Davidson County to possession with intent to sell a Schedule I controlled substance, a Class B felony. Hickman was originally sentenced as a multiple offender to twelve years in the Tennessee Department of Correction. Pursuant to the plea agreement, this sentence was suspended to twelve years on community corrections. On appeal, Hickman concedes that he violated the terms of the community corrections sentence. He argues, however, that the trial court abused its discretion by imposing his original sentence. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and J. C. MCLIN, JJ., joined.

Ryan C. Caldwell, Nashville, Tennessee, for the Defendant-Appellant, Joshua Maurice Hickman.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Janice Norman, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background**. Hickman began his community corrections sentence on October 28, 2009. Soon thereafter, Hickman's case officer reported that Hickman violated the terms of his sentence. On January 13, 2010, a warrant was issued alleging that Hickman tested positive for drug use and was considered an absconder because he had failed to report to his

probation officer since November 25, 2009. Hickman conceded these violations at the revocation hearing.

Michelle Casteel, Hickman's case officer, testified that she met with Hickman on November 2, 2009. Within twenty-three days of this meeting, Hickman admitted to using cocaine and heroin. He claimed he relapsed with his father. Casteel said she gave Hickman the option of getting inpatient treatment. Hickman, however, did not seek treatment. Casteel stated, "[W]hen I talked to him again, he had not gotten inpatient treatment. He admitted that he had left my office and still used that same day and did not get into inpatient treatment." Hickman reported that he had been using drugs and alcohol for fifteen years. Casteel said Hickman lived with his parents, whom she believed were also drug addicts. Casteel testified that Hickman had absconded for several months. On cross-examination, Casteel listed several treatment options that were available to someone like Hickman, including a halfway house.

Hickman, twenty-eight years old, corroborated Casteel's testimony. He thought his family enabled his drug use, and testified that he wanted to go to a halfway house. He stated that before the violation, he tried to go to a drug treatment center called MeHarry. Hickman said he was not able to complete the required medical tests by the time of the violation. Defense counsel questioned Hickman about going to Drug Court:

Defense counsel:    Well, one of the solutions I proposed to you was our Drug Court. You said you didn't want to [go]. Can you tell the Court why you don't want to go to Drug Court?

Hickman:    I'm just tired of being locked up. I'm tired of doing drugs. I'm through with it. I'm through doing drugs.

Hickman recognized that he needed help for his drug addiction, and stated that he would do whatever was needed to go to a halfway house. Hickman testified that he tried to find employment while on community corrections. He claimed he had several jobs in the past. Hickman wanted to go to Transitions Housing, a half-way house which he claimed had accepted him.[1] Hickman acknowledged that he had prior convictions for facilitation of aggravated robbery, aggravated assault, resisting arrest, and domestic assault.

---

[1]The record contains no documentation that Hickman was accepted at a halfway house. Defense counsel asserted at the hearing that Hickman was accepted by one. Hickman stated that he had a receipt from Transitions Housing.

On cross-examination, Hickman testified that he had been using heroin for three or four years. He said he completed a drug treatment program called New Avenues in 2001. After completing this program, Hickman was convicted of several felonies. Hickman testified that he had previously received two probationary sentences, both of which he violated.

Following the testimony at the revocation hearing, the trial court revoked the community corrections sentence. It found that Hickman conceded the violations. The trial court decided to impose the original sentence of confinement. It stated:

> The Court's . . . tired of people with drug addictions coming into Court and acting as if they can go out tomorrow and take care of their problems. . . . Someone who turns down the opportunities he's got and says that they are tired of being in jail has no motivation or desire to get off of heroin. And it's an insult to everybody here concerned to come in here and suggest, with his history, and the violence that history has perpetrated–you know, he thinks that he can walk out into a halfway house and life would be good again. Sentence into effect.

Hickman appealed the trial court's decision by filing a timely notice of appeal.

## ANALYSIS

Hickman concedes that he violated the terms of his community corrections sentence. He claims, however, that the trial court erred by revoking his sentence and imposing the original term of confinement. Hickman argues that the trial court failed to address the sentencing considerations under Tennessee Code Annotated section 40-35-103. In response, the State claims the trial court properly revoked the community corrections sentence because Hickman conceded the violation. The State asserts that the trial court "considered all the necessary facts to effect the 12-year sentence previously agreed to by the State and the defendant."

The Tennessee Supreme Court has held that the same principles that apply in the revocation of probation also apply in the revocation of community corrections. State v. Harkins, 811 S.W.2d 79, 83 (Tenn. 1991). The revocation of community corrections, like the revocation of probation, rests within the sound discretion of the trial court. Id. A trial court may revoke either alternative sentence upon a finding by a preponderance of the evidence that the defendant violated the conditions of the sentence. See T.C.A. §§ 40-35-310, -311(e) (2009). An appellate court will uphold a trial court's decision to revoke probation or community corrections absent an abuse of discretion. State v. Beard, 189

S.W.3d 730, 735 (Tenn. Crim. App. 2005); State v. Webb, 130 S.W.3d 799, 842 (Tenn. Crim. App. 2003) (quoting Harkins, 811 S.W.2d at 82). In order to establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's conclusion to revoke either of the alternative sentences. See State v. Schaffer, 45 S.W.3d 553, 554 (Tenn. 2001). After a probation or community corrections sentence has been revoked, the trial court may order the imposition of the original sentence. T.C.A. §§ 40-35-311(e), -36-106(e)(4) (2009).

In this case, the trial court was authorized to revoke the community corrections sentence. See T.C.A. §§ 40-35-311(e)(1), -36-106(e)(4); see also T.C.A. § 40-36-106(e)(3)(B) ("Failure to comply with the terms of probation subjects the offender to revocation proceedings conducted by the court pursuant to § 40-35-311."). Hickman admitted that he used cocaine and heroin while on community corrections. Additionally, the case officer testified that Hickman failed a drug test and had not reported for several months. The testimony at the revocation hearing provided substantial evidence that Hickman violated the terms of his alternative sentence.

At issue is whether the trial court was permitted to impose Hickman's original sentence. Hickman claims the trial court abused its discretion because it failed to consider the sentencing principles when deciding the issue of confinement. Specifically, he argues that the trial court needed to address the considerations under Tennessee Code Annotated section 40-35-103(1).[2] This argument is misplaced. This court has repeatedly stated that the trial court is only required to consider the sentencing principles when determining a defendant's original sentence. See State v. Derrick Michael Swanson, No. E2004-02645-CCA-R3-CD, 2006 WL 448668, at *2 (Tenn. Crim. App., at Knoxville, Feb. 24, 2006) (citing State v. Walter Jackson, No. E1999-02186-CCA-R3-CD, 2001 WL 55687,

---

[2]This statute states in relevant part:

(1) Sentences involving confinement should be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1) (2009).

at *2 (Tenn. Crim. App., at Knoxville, Jan. 24, 2001)); State v. Norico S. Woods, No. W2000-00057-CCA-R3-CD, 2000 WL 1664895, at *1 n.3 (Tenn. Crim. App., at Jackson, Nov. 3, 2000); see also State v. Roger Dale Vance, No. 03C01-9808-CC-00317, 1999 WL 692865, at *2 (Tenn. Crim. App., at Knoxville, Aug. 31, 1999); State v. Troy McLemore, No. 03C01-9709-CC-00406, 1998 WL 422339, at *2 (Tenn. Crim. App., at Knoxville, July 28, 1998). The court in Walter Jackson addressed a similar situation in which the trial court revoked a community corrections sentence and imposed the original term of confinement. Walter Jackson, 2001 WL 55687, at *1. This court determined that the trial court was not required to address the principles of sentencing in its findings. Id. at *2. The court stated: "[W]hile the consideration of sentencing principles is mandatory in determining a defendant's original sentence, 'reference to these principles is not necessary in determining the appropriate sanction following revocation of probation.'" Id. (quoting State v. Howard Luroy Williamson, Jr., No. 02C01-9507-CC-00201, 1996 WL 551793, at *2 (Tenn. Crim. App., at Jackson, Sept. 30, 1996)); see also State v. Stevie Q. Taylor, No. 02C01-9504-CC-00108, 1996 WL 218332, at *2 (Tenn. Crim. App., at Jackson, May 1, 1996). We likewise conclude that the trial court was under no obligation to reference the considerations under Tennessee Code Annotated section 40-35-103(1).

Upon revoking the community corrections sentence, the trial court was permitted by statute to impose the original term of confinement. See T.C.A. §§ 40-36-106(e)(4), -35-310 (2009). Therefore, the trial court did not abuse its discretion. Hickman is not entitled to relief.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE