# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs June 29, 2011

### STATE OF TENNESSEE v. DONNA DOTSON

**Direct Appeal from the Criminal Court for Sullivan County**
**Nos. S48501, S49463    R. Jerry Beck, Judge**

---

### No. E2011-00053-CCA-R3-CD - Filed August 26, 2011

---

The defendant, Donna Dotson, pled guilty to violating her probation and now appeals the trial court's order requiring her to serve her sentence in confinement. We affirm the judgment of the trial court in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

Steve McEwen, Mountain City, Tennessee; Stephen M. Wallace, District Public Defender; and Terry L. Jordan, Assistant Public Defender, for the appellant, Donna Dotson.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph E. Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

After a hearing in which the defendant admitted to violating her conditions of probation, the trial court revoked her probation and ordered that she serve her sentence in incarceration. The trial court noted that this was her third probation violation. The defendant does not contest the revocation of her probation, but, rather, she requests another form of alternative sentence – one that will be less severe than incarceration and allow her to get needed help in her recovery from drug addiction.

A trial judge is vested with the discretionary authority to revoke probation if a

preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. *See* T.C.A. §§ 40-35-310, -311(e); *State v. Shaffer,* 45 S.W.3d 553, 554 (Tenn. 2001). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991).

When a probation revocation is challenged, the appellate courts have a limited scope of review. This court will not overturn a trial court's revocation of a defendant's probation absent an abuse of discretion. *See Shaffer,* 45 S.W.3d at 554. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.*

The evidence contained in this record shows that the defendant admitted she violated the terms of her probation by continuing to use drugs. We conclude that the trial court neither erred nor abused its discretion in revoking the defendant's probation and in ordering that her sentence be served in confinement.

It appearing that the evidence does not preponderate against the trial court's findings and that this opinion would have no precedential value, the judgment of the trial court is affirmed in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

 

 

_____
JOHN EVERETT WILLIAMS, JUDGE