# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### September 6, 2000 Session

## STATE OF TENNESSEE v. GERALD H. SHAFFER

**Appeal from the Court of Criminal Appeals**
**Criminal Court for Knox County**
**No. 45722     Richard Baumgartner, Judge**

---

**No. E1998-00106-SC-R11-CD - Filed March 22, 2001**

---

The Criminal Court for Knox County found that Gerald H. Shaffer had violated the terms of his probation and, on this finding, revoked it. Shaffer appealed and contended that the trial court did not have the authority to revoke probation and that the trial court abused its discretion by basing revocation on new grounds alleged in an amendment to the revocation warrant. The Court of Criminal Appeals affirmed and held that the trial court had the authority to revoke probation and did not abuse its discretion. Because we conclude that the trial court had the authority to revoke Shaffer's probation and did not abuse its discretion in basing the probation revocation on additional grounds alleged in the amendment, we affirm the judgment of the Court of Criminal Appeals.

**Tenn. R. App. P. 11 Appeal by permission; Judgment of the Court of Criminal Appeals Affirmed**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., JANICE M. HOLDER and WILLIAM M. BARKER, JJ., joined. FRANK F. DROWOTA, III, J., not participating.

Mark E. Stephens, District Public Defender, and Paula R. Voss, Assistant Public Defender, Knoxville, Tennessee, for the appellant, Gerald H. Shaffer.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Todd R. Kelley, Assistant Attorney General, Randall E. Nichols, District Attorney General, and Marsha Selecman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts and Procedural History

Gerald H. Shaffer, the defendant, pleaded guilty to aggravated burglary and theft. On April 20, 1992, the trial court sentenced him to concurrent sentences of three years for aggravated burglary and one year for theft; Shaffer was placed on probation for three years. On July 31, 1992, the State

filed a probation revocation warrant alleging that Shaffer had violated the terms of probation. The violation cited in the warrant was Shaffer's arrest, on June 19, 1992, for aggravated assault. A probation revocation hearing was scheduled for June 4, 1993; Shaffer, however, failed to appear. As a result, the trial court issued a *capias* for his arrest.

The State filed an amendment to the probation revocation warrant on April 23, 1998, which alleged as additional grounds for revocation:

> (1) The change of the defendant's residence and employment on or about 5/21/93 without first procuring consent of his Probation Officer; and leaving his county of residence, and the state, without permission; and

> (2) The failure to obey the laws of the United States by the conviction of a robbery December 15, 1997, in Maryland.

Shaffer was returned to the custody of Knox County, and on June 22, 1998, a hearing was conducted on the probation violation matters. At the hearing, Shaffer conceded that he had left the state on or about April 20, 1993, and returned shortly before the hearing in 1998. He conceded also that he had been convicted of robbery on December 15, 1997, in Maryland. Based on the allegations in the amendment, the trial court revoked Shaffer's probation and ordered him to serve the remainder of his three-year sentence. Shaffer appealed, and the Court of Criminal Appeals affirmed the trial court's ruling.

We granted Shaffer's application for permission to appeal in order to determine whether the trial court had the authority to revoke Shaffer's probation and whether the trial court abused its discretion in basing the revocation decision on conduct which occurred after April 20, 1995.[1]

## II. Standard of Review

A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant violated the conditions of the sentence. Tenn. Code Ann. § 40-35-311(d) (1997). We will not disturb this decision absent a finding of an abuse of discretion. In order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Such a finding "reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case." State v. Moore, 6 S.W.3d 235 (Tenn. 1999).

---

[1]April 20, 1995, is the date the probationary sentence would have been fully served under ordinary circumstances.

III. Analysis

We begin our analysis by considering the trial court's authority to revoke a suspended sentence. Such authority is derived from Tenn. Code Ann. § 40-35-310 (1997), which provides:

> The trial judge shall possess the power, at any time **within the maximum time which was directed and ordered by the court for such suspension** . . . to revoke and annul such suspension, and in such cases the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly.

(Emphasis added.) Generally, revocation may only occur "within the maximum time which was directed and ordered by the court" or in other words, within the probationary period. Tenn. Code Ann. § 40-35-310.

The running of a defendant's probationary period may, however, be interrupted by the issuance of a revocation warrant. If the probation revocation warrant is issued within the term of the sentence, the issuance of the warrant commences the revocation proceedings and thereby interrupts the running of the probationary period "until such time as the trial court [may] hear and determine the issue raised by the [warrant]." McGuire v. State, 292 S.W.2d 190, 193 (Tenn. 1956). The interruption of the probationary period is triggered by the issuance of the probation revocation warrant and not by service of the warrant on the defendant. Allen v. State, 505 S.W.2d 715, 717 (Tenn. 1974).

In the instant case, the revocation warrant was issued against Shaffer on July 31, 1992. Although the probated sentence was for a term of three years from April 20, 1992, service of this sentence was interrupted on July 31, 1992, by issuance of the revocation warrant. This interruption in the service of the sentence of probation effectively extended the trial court's authority over the defendant beyond April 20, 1995, the date the probationary period would have expired had a revocation warrant not issued, until such time as the revocation issue was resolved. Thus, the trial court's authority to revoke Shaffer's sentence was fully available on June 22, 1998, the day the sentence was revoked, and we so hold.

As an included issue, Shaffer contends that the trial court abused its discretion in basing its decision to revoke probation on an amendment made in April 1998 to the revocation warrant, which alleged conduct occurring after the original warrant had been filed.[2] Whether the State amended the original warrant or sought a new warrant, however, is immaterial. As discussed above, the trial court had the authority to revoke Shaffer's probation after April 20, 1995, because the issuance of the revocation warrant had interrupted the running of the probationary period. For this reason, the State could have amended the original warrant (as was the case) or sought a new warrant while the original

_____

[2] July 31, 1992.

revocation warrant was still pending. <u>See</u> <u>State v. Clark</u>, 970 S.W.2d 516, 518-19 (Tenn. Crim. App. 1998); <u>see also</u> <u>People v. Ritter</u>, 464 N.W.2d 919, 924 (Mich. Ct. App. 1991); <u>People v. Laws</u>, 558 N.E.2d 638, 640 (Ill. App. Ct. 1990). The trial court, therefore, did not abuse its discretion in basing the decision to revoke Shaffer's probation on the grounds alleged in the amendment.

## IV. Conclusion

We conclude that the trial court had the authority to revoke Shaffer's probation because service of the three-year probationary period had been interrupted by the issuance of the probation revocation warrant. We further hold that the trial court did not abuse its discretion in basing its decision to revoke probation on the additional grounds alleged in the amendment to the revocation warrant. We therefore affirm the judgment of the Court of Criminal Appeals. Costs of the appeal are taxed to the defendant, Gerald H. Shaffer.

_____
ADOLPHO A. BIRCH, JR., JUSTICE