# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 3, 2009

## STATE OF TENNESSEE v. ORLANDO SMITH

**Direct Appeal from the Circuit Court for Madison County**
**No. 02-394 and 06-461    Roger A. Page, Judge**

---

**No. W2008-01059-CCA-R3-CD   -   Filed July 28, 2009**

---

The Defendant-Appellant, Orlando Smith ("Smith"), appeals the revocation of his probation and community corrections sentences by the Madison County Circuit Court. He contends that the trial court abused its discretion in revoking both of his alternative sentences. Following our review, we find no abuse of discretion. Accordingly, the orders of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. C. MCLIN, JJ., joined.

George M. Googe, District Public Defender; Paul Meyers, Assistant Public Defender, Jackson, Tennessee, for the defendant-appellant, Orlando Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and James Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

On February 18, 2004, in case number 02-394, Smith pled guilty to possession of marijuana with the intent to sell, unlawful possession of a weapon, and identity theft. He received a total effective sentence of two years in the Tennessee Department of Correction. On January 3, 2005, Smith was released from incarceration and placed on probation.

Prior to the instant probation warrant and revocation in case number 02-394, Smith's probation was revoked on September 13, 2005, and May 19, 2006. The first probation violation warrant was issued on August 30, 2005, and alleged that Smith violated the conditions of probation for (1) failing to pay fees and court costs, and (2) failing to complete community service. The trial court revoked Smith's probation and ordered Smith's probationary period to be extended for one year. The second probation violation warrant was issued on February 16, 2006. The warrant alleged the following: (1) failure to provide proof of employment; (2) failure to report to probation officer as instructed; (3) a positive test for marijuana and cocaine; (4) failure to provide proof of

court costs and fines payments; and (5) failure to complete community service. On May 19, 2006, the trial court revoked and reinstated Smith's probation after the service of sixty days of shock incarceration. In addition, the trial court ordered Smith to enroll in Pathways Intensive Outpatient Treatment and maintain full-time employment.

On March 21, 2007, in case number 06-461, Smith pled guilty to possession of cocaine with the intent to sell and was subsequently sentenced to twelve years. Smith was ordered to serve seventy days in jail with the remainder of the sentence to be served on community corrections. In addition, case number 06-461 was to be served concurrently with case number 02-394.

On April 15, 2008, two separate warrants, the cases <u>sub judice</u>, were filed against Smith alleging that he violated each of his alternative sentences. In case number 02-394, the warrant alleged the following: (1) failure to provide proof of employment since May 19, 2006; (2) failure to report to probation officer since January 23, 2007; (3) failure to pay court costs, fines and/or restitution; and (4) failure to enroll in Pathways Intensive Outpatient Treatment. In case number 06-461, the Community Corrections Affidavit and Warrant alleged that Smith (1) tested positive for cocaine on three separate occasions in May of 2007, and (2) failed to complete eight hours of community service a month.

On May 16, 2008, a joint hearing was held regarding both the probation and the community corrections violations. At the hearing, Julie Jones, Smith's community corrections officer, testified that Smith (1) tested positive several times for cocaine, (2) failed to complete his community service, and (3) stopped reporting to community corrections. Jones stated that Smith last reported to community corrections on May 21, 2007. Jones believed that Smith did undergo an alcohol and drug assessment but provided no proof of follow-up treatment. Finally, Jones stated that Smith had not provided proof of his employment although Smith claimed that he was employed.

Rose Pittman, Smith's probation officer, testified that Smith (1) failed to show proof of his employment, (2) failed to report, (3) failed to pay fines, court costs, and restitution, and (4) failed to complete Pathways Intensive Outpatient Treatment. Pittman stated that Smith never reported to her even after she had attempted to contact him to persuade him to comply. She stated that an appointment was made with Smith through his sister but he failed to keep the appointment. Pittman explained that she wrote Smith letters, called and visited his home, and spoke with his grandmother about the importance of him calling. On cross-examination, Pittman acknowledged that Smith was supervised by two other probation officers before she was assigned to his case. Pittman was assigned Smith's case in May or June of 2007. Pittman also stated that no proof of employment was in Smith's file when she received his case.

Smith testified on his own behalf at the revocation hearing. Smith stated that he initially reported to Suzanne Lee and then to Bob Denham, both probation officers, while on probation in case number 02-394. Smith stated that he was not aware of the fact that he was required to report to Pittman until after the instant probation violation warrant was issued. He explained that his

attorney[1] told him that he no longer had to report to the probation officer in case number 02-394 because it was served concurrently to his community corrections sentence in case number 06-461. Smith stated that had he known he needed to continue to report to probation he would have reported. He stated that he provided proof of employment when he reported to his former probation officers, Denham and Lee. Regarding the community corrections violations, Smith admitted that he (1) tested positive for cocaine on at least three occasions, (2) failed to complete his community service, (3) stopped reporting to his community corrections officer, and (4) failed to complete long-term treatment. He stated that he failed to obtain long-term treatment because he was confused but would comply if the court ordered him to undergo treatment again.

At the conclusion of the hearing, the trial court revoked Smith's probation and community corrections sentences and ordered him to concurrently serve the original sentences imposed. Smith subsequently filed this timely appeal.

## ANALYSIS

The Tennessee Supreme Court has held that the same principles that apply in the revocation of probation also apply in the revocation of community corrections. State v. Harkins, 811 S.W.2d 79, 83 (Tenn. 1991). The revocation of community corrections, like the revocation of probation, rests within the sound discretion of the trial court. Id. A trial court may revoke either alternative sentence upon a finding by a preponderance of the evidence that the defendant violated the conditions of the sentence. See T.C.A. §§ 40-35-310,-311(e) (2006). An appellate court will uphold a trial court's decision to revoke probation or community corrections absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005); State v. Webb, 130 S.W.3d 799, 842 (Tenn. Crim. App. 2003) (quoting Harkins, 811 S.W.2d at 82). In order to establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's conclusion to revoke either of the alternative sentences. See State v. Schaffer, 45 S.W.3d 553, 554 (Tenn. 2001). After a probation or community corrections sentence has been revoked, the trial court may order the imposition of the original sentence. T.C.A. 40-35-311(e) and 40-36-106(e)(4) (2006).

In this appeal, Smith argues that the trial court abused its discretion in revoking his probation in case number 02-394 because he "was under the honest belief that he only had to report to community corrections." The record in this case reflects that Smith failed to comply with his probation well before he began his community corrections sentence. Smith was ordered to begin his community corrections sentence on March 21, 2007, but he had been on probation since January 3, 2005, and was last revoked on May 19, 2006, for some of the same violations alleged in the instant revocation. Pittman testified that Smith's file did not indicate that he had provided proof of employment to his previous probation officers since his last revocation on May 19, 2006. Furthermore, Pittman testified that Smith failed to pay fines, court costs, and restitution. Smith additionally failed to comply with the special condition of completing drug treatment at Pathways. Because the record contains substantial evidence that Smith violated his probation, the trial court did not abuse its discretion in revoking his probation.

---

[1] This attorney only represented Smith in case number 06-461.

Regarding Smith's community corrections revocation in case number 06-461, Smith asserts that the trial court abused its discretion because Smith tried to seek treatment for his drug problem and failed to complete community service due to the "the unjustified probation warrant." This argument, however, is without merit. Here, Smith admitted that he (1) tested positive for cocaine on at least three occasions, (2) failed to complete his community service, (3) stopped reporting to his community corrections officer, and (4) failed to complete long-term treatment. Smith's admissions were coupled with the testimony of the community corrections officer. Nothing prevented Smith from complying with his community corrections sentence. The record contains substantial evidence that Smith violated the terms of his community corrections. Thus, the trial court did not abuse its discretion in revoking Smith's community corrections sentence.

## CONCLUSION

Based on our review, we conclude that the trial court acted within its discretion in revoking Smith's probation and community corrections. Accordingly, the orders of the trial court are affirmed.

_____
CAMILLE R. McMULLEN, JUDGE