# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. SHANNON GENE TAYLOR

### Appeal from the Circuit Court for Coffee County
### No. 34, 855     Charles Lee, Judge

---

### No. M2009-02497-CCA-R3-CO - Filed April 29, 2010

---

The Defendant, Shannon Gene Taylor, appeals the revocation of his probation by the Circuit Court of Coffee County.  The State has filed a motion requesting that this Court affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. After our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.

DAVID H. WELLES, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Jess Stockwell, Assistant Public Defender, Tullahoma, Tennessee, for the appellant, Shannon Gene Taylor.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; C. Michael Layne, District Attorney General; and Felicia B. Walkup, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Defendant pleaded guilty to three counts of burglary of a motor vehicle and was sentenced, on January 8, 2007, to four years probation.  Under the terms of his probation, the Defendant agreed to "obey the laws of the United States, or any State in which I may be" and "not use intoxicants . . . of any kind to excess."

On March 19, 2009, the Defendant was arrested for driving under the influence of an intoxicant and driving on a revoked license. He entered into a plea agreement on these charges and was sentenced, on September 23, 2009, to serve thirty days in confinement, after which he was to be allowed to continue serving the remainder of his original sentence on probation. He was directed to report to the Coffee County Jail at 6:00 p.m. on October 7, 2009.

Upon his arrival at the Coffee County Jail, he was arrested on a charge of public intoxication. A Breathalyzer test administered at that time showed that the Defendant had a blood alcohol level of .277. A probation violation report was filed. At a November 4, 2009 probation violation hearing, the Defendant admitted that he had been intoxicated upon reporting to the Coffee County Jail on October 7, 2009. The trial court revoked his probation. He now appeals.

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." State v. Harkins, 811 S.W.2d 79, 82 (Tenn.1991).

When a probation revocation is challenged, the appellate courts have a limited scope of review. This Court will not overturn a trial court's revocation of a defendant's probation absent an abuse of discretion. See Shaffer, 45 S.W.3d at 554. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." Id.

The evidence establishes that the Defendant's probation agreement required him to obey Tennessee's laws. He admitted that he failed to do so. Under the facts and circumstances of this case, we conclude that the trial court did not abuse its discretion in revoking the Defendant's probation.

Based on the foregoing authorities and reasoning, we grant the State's motion and affirm the judgment of the trial court in accordance with Rule 20 of the Rules of the Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE