IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 25, 2012

## STATE OF TENNESSEE  v. DERRICK KEITH WALKER

**Appeal from the Criminal Court for Hamilton County**
**No. 272440      Don W. Poole, Judge**

**No. E2012-00287-CCA-R3-CD - Filed July 31, 2012**

The Hamilton County Criminal Court grand jury charged the defendant, Derrick Keith Walker, with one count of attempt to commit the premeditated first degree murder of the victim, Charles Vandergriff, and one count of the aggravated assault of the victim. The defendant and the State entered into a plea agreement calling for dismissal of the attempted murder count and a plea of guilty to aggravated assault, a Class C felony, with a six-year Range I sentence to be served as 11 months and 29 days in confinement followed by supervised probation. The agreement provided for the defendant to pay $13,000 in restitution at the rate of $175 per month beginning on March 15, 2010. On December 17, 2009, the trial court entered a judgment that implemented the terms of the plea agreement. In August 2011, the State obtained a probation violation warrant claiming that the defendant garnered new arrests and had failed to pay restitution. Following a revocation hearing, the trial court revoked the defendant's probation and ordered him into confinement to serve the balance of his sentence. In this appeal, the defendant claims that the trial court erred by revoking the probation and by ordering him to fully serve his original sentence. Because the record supports the order of the trial court, we affirm the order.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

Ardena J. Garth, District Public Defender; and Richard Kenneth Mabee and Anna Protano-Biggs, Assistant District Public Defenders, for the appellant, Derrick Keith Walker.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; William H. Cox, III, District Attorney General; and Cameron Williams, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In the revocation hearing, the defendant's counsel conceded that the defendant violated the terms of his probation, agreeing that the defendant had pleaded guilty in Kentucky to burglary and that the defendant had not paid restitution as ordered by the trial court.

The defendant testified that he violated his probation by "catching two new felonies and a misdemeanor and fail[ing] to pay [his] restitution." He testified that his ability to pay restitution was compromised by his living expenses, including rent and "gas to go to school." He said that he relied upon a "temporary agency" for employment and that he obtained work only two or three days a week. He testified that he had obtained a graduate equivalency diploma and had some carpentry skills but that he had "very little job history." He admitted that he had a "drug problem there for a long time" and that his drug habit contributed to his offense in Kentucky. He testified that he had never completed a treatment program but had attended Alcoholics Anonymous meetings. The defendant expressed a need for help with his drug problem and professed a late understanding "not to go about the quick and easy way to get things out, [that] all good things take time."

The defendant introduced into evidence a letter from his mother, who did not allow drugs in her home and who affirmed in the letter her willingness to allow the defendant to live in her residence.

On cross-examination, the defendant testified that he had paid two installments toward the court-ordered restitution. He admitted that his conviction offense in Tennessee involved his assaulting the victim with a baseball bat and that the subsequent burglary offense in Kentucky emanated from his being caught trying to steal copper tubing from an abandoned house at a time when he was using "liquid hydro codeine" laced with marijuana and "straight, alcohol."

Following the argument of counsel, the trial court found that "overwhelming evidence" established that the defendant violated the terms of his probation, and the court expressed its reliance primarily upon his re-offending in Kentucky while on probation. The court indicated that it could discern no appropriate sanction for the violation other than to order the defendant to serve the balance of his sentence in confinement.

On appeal, the defendant argues that because his offenses are related to his drug problem and because he has not received any treatment for the problem, the court should have pursued a remedial program in lieu of incarceration. Because the record supports the trial court's discretionary ruling to impose confinement, we agree with the State

that the order of revocation and confinement should be affirmed.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

In the present case, the evidence established that the defendant violated the terms of his probation, and the defendant does not contend otherwise. Additionally, the trial court did not abuse its discretion by imposing confinement for the remainder of the sentence. After receiving the largess of probation as part of a split-confinement sentence, the defendant in short order went to Kentucky and committed at least one felony offense. Based upon this fact alone, we cannot say that the trial court abused its discretion in ordering confinement.

Accordingly, the order of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-3-