# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs February 25, 2014

## STATE OF TENNESSEE v. JOSEPH P. LUBECKE

**Appeal from the Criminal Court for Sullivan County**
**No. S57617     Robert H. Montgomery, Judge**

---

**No. E2013-01798-CCA-R3-CD-FILED-MARCH 17, 2014**

---

The defendant, Joseph P. Lubecke, appeals the revocation of the probationary sentence imposed for his Sullivan County Criminal Court convictions of aggravated assault and felony reckless endangerment. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Steven D. Bagby, Blountville, Tennessee, for the appellant, Joseph P. Lubecke.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Kaylin Render, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On November 24, 2010, the defendant, originally charged with two counts of aggravated assault[1] and one count of felony reckless endangerment, entered an *Alford* plea to both one count of aggravated assault and one count of felony reckless endangerment in exchange for an effective three-year probationary sentence and dismissal of the other aggravated assault charge. The defendant also agreed to complete an abuse alternatives class.

---

[1]The indictment and judgment in this case indicate a charge of aggravated domestic assault, citing Code section 39-13-102. We note, however, no such offense is prescribed by our criminal code. Thus, the indictment and conviction reflect, in effect, a charge of aggravated assault by use or display of a deadly weapon.

On July 11, 2012, the defendant's probation supervisor filed a probation violation report alleging that the defendant had violated the terms of his probation by failing to pay his probation fees and by failing to complete the abuse alternatives class. A probation violation warrant issued later that month. On August 24, 2012, the defendant's probation officer filed a second probation violation report alleging that the defendant had been charged with domestic assault. The trial court revoked but reinstated the defendant's sentence of supervised probation and extended his term of probation to September 28, 2015. In addition, the trial court ordered the defendant to "[e]nroll, participate and successfully complete Abuse Alternatives."

The defendant's probation supervisor filed another probation violation report on April 2, 2013, alleging that the defendant had admitted to drug use and had not yet enrolled in the abuse alternatives class. The trial court issued a probation violation warrant and, a few days later, appointed legal counsel to the defendant. In late May, the probation supervisor filed yet another probation violation report, alleging that the defendant had been charged with theft of property valued over $1,000. The trial court, once again, issued a probation violation warrant.

At the July 19, 2013 revocation hearing, the defense attorney informed the trial court that the defendant had already pleaded guilty to the offenses alleged in the April 2 probation violation report and that the defendant was prepared to enter a no contest plea to the violation related to the theft charges. The trial court accepted the defendant's no contest plea but conducted a hearing to determine the disposition of the probation violations.

The defendant was the sole witness to testify at the revocation hearing. He admitted that he had violated his probation in 2012 and that the court had reinstated his probation. With respect to the August 2012 probation violation report related to the domestic assault charge, the defendant testified that the charge had been dismissed. When questioned about the April 2013 probation violation report, the defendant testified that he needed more time to enroll in the abuse alternatives class, explaining that he had been attempting to find a steady job so that he could afford to pay for the class. He also opined that, because it was a 24 week class and he had three years of probation, he "had plenty of time to enroll and complete the classes." The defendant admitted that, during his initial probationary period, he had been dismissed from the abuse alternatives class for failure to attend. The defendant explained that he had chosen to delay his enrollment during the reinstated probationary period so that he could ensure his attendance at all classes. The defendant stated that he was attempting to resolve his "family situation" involving both child custody issues and location of a place to live. The defendant testified that he was also struggling to find steady work in the construction industry. With respect to the drug use allegation in the April probation violation report, the defendant admitted that he had used marijuana and stated that he has

-2-

"had a drug problem for a while." The defendant also testified that the theft charge was set for a hearing in August 2013.

The defendant asked the trial court to place him in the Hay House, a community corrections center, in lieu of returning him to supervised probation. The defendant testified that he would have the opportunity to address his drug addiction and to complete his abuse alternatives class at the Hay House while continuing to earn income.

At the conclusion of the hearing, the trial court made the following findings:

> [Y]ou've entered a plea of guilty to one of the violations and then a plea of no contest to the other one based upon the new theft charge. Of course I found you guilty of both of those. You do have at least one prior violation of probation which after serving some jail time you were placed back on supervised probation for three years. The District Attorney is correct, I mean this sentence, your original plea was back in November of 2010. I mean here we are two and a half years ---- over two and a half years later I guess and now the three violations. I've considered your request for community correction and in my opinion this is a crime of violence. Generally community correction is not appropriate for crimes of violence. I've considered the fact that you also still have apparently some un-served time out of the child support court plus you also in my opinion have not demonstrated what I consider to be special needs that would best be served by placing you in a community placement such as community correction so in my opinion again based on the length that this case has been going on and the number of violations that you've had and you've not been able to comply with the terms and conditions of those violations now three times it[']s appropriate for me to order you to serve your sentence so I'm going to order you to serve your sentence. It will be three years Range I standard offender in the Tennessee Department of Correction. You'll get credit for all the time that you've spent in custody.

In this timely appeal, the defendant contends that the evidence is insufficient to warrant revocation of his probation. We disagree.

The accepted appellate standard of review of a probation revocation is abuse

of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

In the present case, the defendant admitted to multiple violations of his probation, pleading guilty to the violations of drug use and failure to enroll in the required classes and pleading no contest to the violation due to the theft charge. Thus, the defendant conceded an adequate basis for a finding that he had violated the terms of probation. *See State v. Neal Levone Armour*, No. E2003-02907-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, Sept. 9, 2004) (citations omitted). The defendant erroneously contends that the trial court did not rely on the theft charge as grounds for revocation, but in its revocation order, the trial court listed the defendant's failure to "obey the laws of the United State[s]" as one of the defendant's three violations, which clearly refers to the theft charge. Moreover, the defendant's felony convictions of aggravated assault and felony reckless endangerment render him statutorily ineligible for a sentence of community corrections. *See* T.C.A. § 40-36-106(a)(1)(C), (D) (stating that persons convicted of violent felonies and/or persons convicted of felonies involving the use or possession of a weapon are ineligible for community corrections sentencing). Accordingly, the trial court did not abuse its discretion in revoking probation, and, contrary to the defendant's claim, the evidence sufficiently supports that action.

The trial court's order of revocation and the imposition of the original sentence are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE