# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs September 9, 2014

## STATE OF TENNESSEE v. CONCETTA LONG aka CONCETTA WALTON

**Appeal from the Circuit Court for Rutherford County**
**No. F-63059A        David Bragg, Judge**

**No. M2014-00564-CCA-R3-CD - Filed October 3, 2014**

The defendant appeals the order of the Rutherford County Circuit Court revoking her probation and ordering her to serve the balance of her sentence in confinement. In this appeal, she argues that the trial court erred by ordering her to serve the balance of her sentence. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Russell N. Perkins, Assistant District Public Defender, for the appellant, Concetta Long aka Concetta Walton.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; William Whitesell, District Attorney General; and Jennings Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On June 25, 2009, the defendant pleaded guilty to two counts of robbery in exchange for an effective sentence of five years to be served on probation. As a condition of her probation and memorialized on the judgment forms, the defendant agreed "on the 1st violation to serve the entire sentence." The defendant also agreed to enroll in classes toward taking the General Educational Development ("GED") test on or before February 1, 2011. On November 22, 2013, a probation violation warrant issued alleging that the defendant had violated the terms of her probation by failing to maintain lawful employment, by failing to report to her probation officer at any time after August 20, 2013, by failing to pay required

probation fees and court costs, and by failing to obtain a GED certificate.

At the February 13, 2014 revocation hearing, the defendant agreed that she had violated the terms of her probation and asked the trial court to sentence her. The defendant acknowledged that she failed to report to her probation officer after August 20, 2013, that she had failed to verify and maintain employment, had failed to obtain a GED certificate, and had failed to pay court costs and probation fees as required. Explaining the failure to obtain a GED certificate, the defendant said that she was "on Putnam County's list" but she had been unable to take the test because she was incarcerated. She blamed her failure to report in August on her failure to "make it clear with [her] grandmother soon enough to have a ride." She said that she did telephone her probation officer to let him know that she would be unable to report in August, but her probation officer told her that she "had to come." She had no explanation for her failure to report in September. She testified that on October 6, she "was in a serious domestic" situation and that she "ended up going to a safe house in Putnam County." She acknowledged that she did not inform her probation officer of her whereabouts but claimed that she had intended to mail proof of her placement in the safe house to her probation officer. Before she could mail the items, however, her parents telephoned and told her that officers had gone to her grandmother's house looking for her. At that point, she telephoned "the detective and let him come get" her at the safe house on November 22, 2013. She had been incarcerated since that time.

The defendant admitted that the violation warrant at issue was her second violation, but she said, "I have a little problem with that also. My first violation was because of a charge I picked up in Smyrna that I ended up beating. . . . So, I wasn't sure if that was still considered a first violation." She conceded that she had pleaded guilty to the first violation on November 23, 2010, and that she had served four days' incarceration on consecutive weekends as a result of the previous revocation. The defendant testified that she had taken "normal classes" before her previous probation violation but that she had "just ended up quitting again." She acknowledged having agreed on the occasion of the previous revocation that she would serve her entire sentence upon any subsequent violation.

The defendant expressed interest in a community corrections placement. She said that she had spoken with her grandmother and that her grandmother had agreed to allow the defendant and the defendant's daughter to live with her.

During cross-examination, the defendant conceded that as a part of her original plea agreement, she agreed that if she violated her probation she would be required to "flatten" the effective five-year sentence. The defendant said that although she was at the domestic violence shelter for "[a]bout a month," she had failed to report to her probation officer for three months.

After the defendant's grandmother, Henrietta Conley, offered a number of unsworn statements from the gallery, the State agreed to stipulate that the defendant could live with her grandmother if her probation was reinstated.

At the conclusion of the hearing, the trial court, noting that the defendant had admitted that she violated the terms of her probation and that she had agreed to serve her entire sentence upon revocation, revoked the defendant's probation and ordered that she serve the balance of her five-year sentence less any credits for time spent in incarceration.

In this appeal, the defendant contends that the trial court erred by ordering her to serve the balance of her sentence in confinement and argues that a community corrections placement would have been a more appropriate disposition.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

The defendant acknowledged having violated the terms of her probation by failing to report, by failing to pay court costs and probation fees, by failing to obtain a GED certificate, and by failing to verify her employment. Thus, the defendant conceded an adequate basis for a finding that she had violated the terms of her probation. *See State v. Neal Levone Armour*, No. E2003-02907-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, Sept. 9, 2004) (citations omitted). Perhaps the State phrases it best when saying that the defendant "has squandered her privilege of probation by her own actions and

inactions." The defendant, granted the extreme largesse of a five-year, probationary sentence when facing a potential sentence of 24 years' incarceration, violated the terms of her probation on more than one occasion. The trial court acted well within its discretion by revoking her probation and ordering her to serve the balance of her sentence in confinement.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-