IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 11, 2015

## STATE OF TENNESSEE v. ROBERT WALDEN, JR.

**Appeal from the Circuit Court for Marion County**
**No. 9701AV.1     Thomas W. Graham, Judge**

---

**No. M2014-01692-CCA-R3-CD - Filed April 17, 2015**

---

The defendant, Robert Walden, Jr., appeals the revocation of the probationary sentence imposed for his Marion County Circuit Court conviction of theft of property valued at $500 or more but less than $1,000.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

B. Jeffrey Harmon, District Public Defender; and R. Chris Albright, Assistant District Public Defender, for the appellant, Robert Walden, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; J. Michael Taylor, District Attorney General; and Sherry Shelton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 13, 2014, the defendant, originally charged with one count of theft of property valued at $1,000 or more but less than $10,000, pleaded guilty to one count of theft of property valued at $500 or more but less than $1,000 in exchange for a six-year sentence, all but the first six months of which would be served on supervised probation.  The defendant was sentenced as a Range III, persistent offender, and the agreed-upon sentence was to be served consecutively to a prior sentence imposed in general sessions court.  For reasons that are not entirely clear from the record before this court, the defendant was released from jail on June 11, 2014.

On July 3, 2014, the defendant's probation supervisor filed a probation

violation report alleging that the defendant had violated the terms of his probation by failing his June 18 drug screen and by failing to report as scheduled on June 25. On July 15, 2014, the defendant's probation officer filed an amended probation violation report alleging that the defendant had been arrested in Hamilton County on June 25 and charged with possession of a controlled substance and possession of drug paraphernalia; that the defendant had failed to report his arrest to his probation officer; and that the defendant did not have permission to be in Hamilton County at the time of his arrest.

At the August 25, 2014 revocation hearing, Colton Brown, the defendant's probation officer, testified that the defendant first reported to the probation offices on June 18 but that the defendant met with another probation officer on that occasion. The defendant submitted to a drug screen on that date and was told to return to the probation offices on June 25 at 9:00 a.m. to meet with Mr. Brown. The defendant did not report as scheduled on June 25. Despite multiple efforts by Mr. Brown, he was unable to locate the defendant, and the defendant never returned to the probation offices. Mr. Brown testified that the results of the defendant's June 18 drug screen indicated that the defendant tested positive for marijuana, methamphetamine, and amphetamines.

Mr. Brown stated that he later learned the defendant had been arrested in Hamilton County on June 25 at 12:01 p.m. and that, on June 30, he had pleaded guilty to possession of a Schedule II controlled substance.

Lisa Freeman testified on behalf of the defendant and explained that the defendant had previously lived with her for a period of time following the defendant's mother's remarriage because the defendant's stepfather desired that the defendant find a new place to live. Ms. Freeman testified that the defendant could return to her home to live and that she would provide him with a job in her mountain stone business. Ms. Freeman also stated that she would transport the defendant to and from any rehabilitation appointments or drug treatment programs. Ms. Freeman admitted that she was aware of the defendant's problems with drug abuse and that she knew the defendant had been placed on probation "a lot." The defendant did not testify on his own behalf.

At the conclusion of the hearing, the trial court questioned the assistant district attorney general about the defendant's prior convictions and probation violations. The prosecutor told the trial court that the defendant had "at least four prior felony convictions," including convictions for aggravated burglary, felony theft, and burglary of a vehicle. The court clerk informed the trial court that the defendant had "several" prior probation revocations in general sessions court, with the most recent violation on August 31, 2007. The defendant did not deny the veracity of these statements. The trial court then determined that "full revocation is probably all we can do here with multiple previous convictions,

multiple previous revocations." The trial court revoked the defendant's probation and ordered his sentence into execution, with credit for time served.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

In the present case, the proof adduced at the revocation hearing showed that the defendant violated the terms of his probation by failing his initial drug screen, by failing to report to his probation officer as scheduled, by failing to report his June 25 arrest and subsequent conviction, and by leaving the county without permission. The defendant did not deny these multiple violations of his probation, and the trial court impliedly found that he had done so, noting that full revocation was necessary due to the "multiple previous convictions, multiple previous revocations." The record supports these determinations, justifying the revocation of probation.

We hold that the trial court acted within its discretion, and we affirm the order of revocation and the imposition of the original sentence.

_____
JAMES CURWOOD WITT, JR., JUDGE

-3-