# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs May 13, 2015

## STATE OF TENNESSEE v. TIMOTHY LEWAYNE MORTON

**Appeal from the Criminal Court for Sumner County**
**Nos. CR771-2013, CR500-2014     Dee David Gay, Judge**

---

**No. M2014-02029-CCA-R3-CD – Filed May 15, 2015**

---

The defendant, Timothy Lewayne Morton, appeals the revocation of the probationary sentence imposed for his Sumner County Criminal Court convictions of disorderly conduct, public intoxication, repetitive telephone harrassment, and solicitation to bribe a witness.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

David A. Doyle, Assistant District Public Defender, for the appellant, Timothy Lewayne Morton.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Sidney Preston, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On August 13, 2014, the defendant, originally charged in case CR771-2013 with one count of repetitive telephone harrassment and one count of bribing a witness, pleaded guilty to one count of repetitve telephone harassment and one count of solicitation to bribe a witness.  In addition, in case CR500-2014, the defendant pleaded guilty as charged to one count each of disorderly conduct and public intoxication.  The trial court ordered all four sentences to be served concurrently and imposed an effective two-year sentence to be served on supervised probation.

On August 19, 2014, the defendant's probation officer, Brian Stanley, filed a probation violation report alleging that the defendant had violated the terms of his

probation by arriving for his initial appointment while intoxicated, resulting in his arrest for public intoxication. On September 12, the defendant's probation supervisor, Scott Little, filed an amended probation violation report alleging that the defendant had called the probation offices from the Sumner County jail and threatened Mr. Little and his staff.

At the September 12, 2014 revocation hearing, Mr. Little testified that, when the defendant reported to the probation offices on the morning of August 19, "he stumbled through the office" and had "a heavy odor of alcohol about him." Mr. Little inquired whether the defendant had been drinking, and the defendant responded that "he had been drinking the night before and that that was his right as a citizen to be able to drink." The defendant also admitted that he had smoked marijuana. The defendant became "extremely loud and disruptive" and was "verbally abusive" to other probation officers. Mr. Little repeatedly asked the defendant to calm down, at which point the defendant turned his verbal abuse on Mr. Little.

Mr. Little instructed Officer Stanley to take the defendant to the drug screening room to administer a drug screen for marijuana usage, and Mr. Little then contacted the Gallatin Police Department ("GPD"). GPD officers arrived shortly thereafter, and the defendant was arrested and charged with public intoxication. The defendant pleaded guilty to public intoxication on September 3.

Later that same day, the defendant called Mr. Little from jail, and in a 15-minute, profanity-laced tirade, the defendant "was extremely abusive and threatening," made multiple "racist" comments, and threatened to "physically assault[] or kill[] the staff." An audio recording of the telephone call was admitted into evidence.

The defendant testified that the recent events in Ferguson, Missouri involving "the boy getting shot in the abdomen and twice in the head" were the impetus for his outburst at the probation office and his subsequent profane and threatening telephone call. The defendant explained that the Ferguson events had really upset him and that he had "some rage" and "some hard feelings about white folks at the time." The defendant also explained that the healing process from his gastric bypass surgery was taking much longer than he had anticipated, impacting his ability to work and earn money, and he believed that, due to the surgery, the small amount of liquor he had consumed on the evening of August 18 affected his "system" more than it would have prior to the surgery. The defendant denied smoking marijuana on August 18, explaining that he mentioned the marijuana to Mr. Little on August 19 because he believed that his drug usage in late July would prevent him from passing a drug screen.

The defendant apologized to Mr. Little for his behavior on August 19, explaining that he "was upset because the boy got shot" and because he could no longer

work.  The defendant admitted that he had pleaded guilty to the public intoxication charge stemming from the August 19 incident and that the conviction was a violation of his probation.  The defendant also acknowledged that, when he was sentenced on August 13, the trial court had informed him that it was his "last chance on probation."

At the conclusion of the hearing, the trial court made the following findings:

> Mr. Morton, it's really a sad commentary here.  I remember the day that you came in to plead guilty . . . and everybody was here working to help you out; releasing you.  Like you said, things were looking good.
>
> And then I hear proof today that when you come in for an intake you're intoxicated.  I hear proof today that you are slandering, bad-mouthing, the probation officers.  And it's so bad that they have to call the police and you are arrested.
>
> And subsequent to that, you are charged with public drunk and you were convicted of public drunk from coming into the probation office on your intake.
>
> But another thing that really disturbs me is why in the world you would call Mr. Scott Little and have that profane, vile, vulgar, abusive type of a conversation with any human being regardless of the circumstances.  He was just there answering the phone.  He was there doing his job.
>
> And, Mr. Morton, we absolutely cannot have that kind of attitude or conduct toward our probation officers and have any effective method of probation or supervision.  That is about as bad as it gets.  That phone conversation is scary.  It is scary, Mr. Morton.  And then, by doing that, you also violated another rule of probation.  So you have violated two rules of probation the first day that you reported to probation.
>
> It's very clear that the rules of probation have been violated.  And I find that you have violated the rules of probation.  I also find, based on history and the nature and the circumstances of these violations, that this sentence will be

served in the Tennessee Department of Correction. That will be the order of the Court.

The trial court revoked the defendant's probation and ordered his sentence into execution, with credit for time served.

In this timely appeal, the defendant contends that the trial court abused its discretion by revoking his probation. We disagree.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

In the present case, the defendant admitted violating his probation by pleading guilty to public intoxication on September 3. Thus, the defendant conceded an adequate basis for a finding that he had violated the terms of his probation. *See State v. Neal Levone Armour*, No. E2003-02907-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, Sept. 9, 2004) (citations omitted). Moreover, the trial court determined that the State established by a preponderance of the evidence two violations of the terms of probation, to wit: failure to obey the law and failure to refrain from engaging in assaultive, abusive, threatening or intimidating behavior. The record supports these determinations, and, therefore, revocation of probation was unquestionably justified.

We hold that the trial court acted within its discretion, and we affirm the order of revocation and the imposition of the original sentence.

_____
JAMES CURWOOD WITT, JR., JUDGE