FILED

01/05/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 20, 2016

## STATE OF TENNESSEE v. TOMMY LEE BALDWIN

**Appeal from the Criminal Court for Hamilton County**
**Nos. 288216 & 293019      Barry A. Steelman, Judge**

_____

### No. E2016-00930-CCA-R3-CD

_____

The defendant, Tommy Lee Baldwin, appeals the revocation of the probationary sentence imposed for his Hamilton County Criminal Court guilty-pleaded convictions of violating his community supervision requirement and of violating the sexual offender registry act. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Blake F. Murchison, Assistant District Public Defender, for the appellant, Tommy Lee Baldwin.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Neal Pinkston, District Attorney General; and Amanda Morrison, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On November 19, 2014, the defendant pleaded guilty to one count of violating the sexual offender registry act in case number 293019 in exchange for a two-year sentence to be served as 90 days' incarceration followed by supervised probation for the balance of the sentence. On that same date, the defendant pleaded guilty to one count of violating his lifetime community supervision requirement in case number 288216 in exchange for an 11-month-and-29-day sentence suspended to supervised probation following the service of 60 days' incarceration and to be served consecutively to the prior sentence. In addition, as part of the defendant's supervised probation in both cases, he was required to submit to global positioning system ("GPS") monitoring.

On January 13, 2015, the defendant's probation supervisor filed a probation violation report, alleging that the defendant had violated the terms of his probation by failing to report within 48 hours of his release from incarceration on December 22, 2014, to update his sexual offender registry status and to receive his GPS monitoring device.

At the April 5, 2016 revocation hearing, William Ford, the defendant's probation supervisor, testified that, upon the defendant's release from split confinement, he failed to report as required. Mr. Ford stated that his last contact with the defendant occurred in March 2013, when the defendant had informed Mr. Ford "that he was smoking marijuana, was not going to pass a drug screen, he was behind in his fees, and had not reported for sex offender treatment." Those revelations prompted Mr. Ford to file for a violation of lifetime community supervision in case number 288216. Shortly thereafter, the defendant was charged in case number 293019 with violating the sexual offender registry act for moving his residence without permission. Mr. Ford explained that his supervision of the defendant began in December 2012 and that the defendant's prior probation officer had reviewed the sexual offender registry rules with the defendant. Mr. Ford added that, after he had filed the 2015 community supervision violation report, he learned from the defendant's sexual offender treatment provider that the defendant had been dismissed from the program due to nonattendance.

At the conclusion of the hearing, the trial court made the following findings:

> I think with sex offenders and the sex offender registry, the purpose of that is so that we know where the sex offenders are. [The defendant] got out in December of 2014 and was to be on GPS monitoring and he knew that. The purpose of that is so that somebody with responsibility for him knows where he is at all times, and we didn't know where he was because he chose not to comply.
>
> And then he also has shown a history of not going for sex offender treatment. That's a key part of the program.
>
> Drug use for a sex offender ceratinly would not be appropriate for anyone, much less someone who has the capacity to commit sex crimes against other people.
>
> He moved also without providing notification.

- 2 -

I just find that there is abundant cause to find that he has been willingly noncompliant. If he's going to be noncompliant, he can't, he can't be found to be without violation.

So I do find that there has – it has been established by a preponderance of the evidence that he's violated, and I'm going to sustain the revocation on 288216, order the sentence into execution for whatever balance. And 293019, revoctaion is sustained and the sentence ordered into execution.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

In the present case, the proof adduced at the revocation hearing showed that the defendant violated the terms of his probation by failing to report within 48 hours of his release from incarceration to update the sexual offender registry and to receive his GPS monitoring device. The record supports these determinations, and, therefore, revocation was unquestionably justified.

We hold that the trial court acted within its discretion, and we affirm the order of revocation and the imposition of the original sentence.

_____
JAMES CURWOOD WITT, JR., JUDGE