IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
November 15, 2022 Session

**STATE OF TENNESSEE v. ROBERTO DIGMA**

**Appeal from the Criminal Court for Knox County**
**No. 119356     Kyle A. Hixson, Judge**

**No. E2022-00309-CCA-R3-CD**

The defendant, Roberto Digma, appeals the Knox County Criminal Court's order revoking his probation and ordering him to serve the balance of his eight-year sentence for possession of .5 grams or more of methamphetamine with the intent to sell or deliver in confinement. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., P.J., delivered the opinion of the court, in which TIMOTHY L. EASTER, and JOHN W. CAMPBELL, SR., JJ., joined.

Jackson M. Fenner, Knoxville, Tennessee, for the appellant, Roberto Digma.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Charme P. Allen, District Attorney General; and Kenneth Irvine, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In August 2021, the defendant pleaded guilty to one count of possession of .5 grams or more of methamphetamine with intent to sell or deliver, and, pursuant to the plea agreement, the trial court sentenced the defendant to eight years' incarceration suspended to supervised probation. A probation violation warrant issued on September 20, 2021, alleging that the defendant violated the terms of his release by garnering new charges, specifically, charges related to the manufacturing, sale, and delivery of methamphetamine, unlawful possession of a firearm, simple possession, and possession of unlawful drug paraphernalia.

At a February 2022 hearing, the defendant submitted that he had violated the terms of his probation by garnering new charges and waived his right to a revocation

hearing. The defendant requested that he be referred to "Enhanced Probation and to DRC," which request was unopposed by the State.

The trial court revoked the defendant's probation based on his admitting to the violation. The court then ordered the defendant to execute his sentence, finding that the defendant had committed the new offenses only one-and-one-half-months after being placed on probation and that the defendant "ha[d] a gun" and determining that the defendant's conduct "demonstrates to me that [he] is a danger to our society and that he has zero interest in actually abiding by any orders that this [c]ourt would place upon him going forward."

In this timely appeal, the defendant argues that the trial court abused its discretion by revoking his probation, alleging that there was insufficient evidence to support the revocation. He does not challenge the court's ordering him to execute his sentence.

The appellate standard of review of a probation revocation is "abuse of discretion with a presumption of reasonableness so long as the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequence on the record." *State v. Dagnan*, 641 S.W.3d 751, 759 (Tenn. 2022); *see also State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). "It is not necessary for the trial court's findings to be particularly lengthy or detailed but only sufficient for the appellate court to conduct a meaningful review of the revocation decision." *Id.* (citations omitted). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).

As relevant here, "[i]f the trial judge revokes a defendant's probation and suspension of sentence after finding, by a preponderance of the evidence, that the defendant has committed a new felony, new Class A misdemeanor, [or] zero tolerance violation . . . , then the trial judge may . . . cause the defendant to commence the execution of the judgment as originally entered." T.C.A. § 40-35-311(e)(2) (Supp. 2021). Accordingly, "[t]he trial judge shall possess the power, in accordance with [Code section] 40-35-311, to revoke the suspension" and "order the original judgment to be in full force and effect from the date of the revocation of the suspension." T.C.A. § 40-35-310(a). In other words, "[t]he trial judge retains the discretionary authority to order the defendant to serve the original sentence." *Reams*, 265 S.W.3d at 430 (citation omitted).

Before accepting the defendant's submission to the probation violation, the trial court asked the defendant whether he understood that he had

a right to a hearing on the allegations that are in that VOP warrant. You could force the State to call witnesses and prove to me that you actually committed these offenses. . . . .

If you submit here today, however, you're giving up your right to that hearing, and you're basically pleading guilty to these offenses for the limited purposes of our proceedings here today. At that point, it would be my determination as to how to proceed with your case. Whether I make referrals to other agencies, whether I place you on those agencies for community supervision, or whether I order you to go to prison.

That would be entirely within my discretion if you decide to submit to these offenses here today.

The defendant indicated that he understood what the court had explained to him and that he voluntarily agreed to waive his right to a hearing and submit to the alleged violation.

The defendant now argues that the trial court erred by finding that he violated the terms of his release based solely on his submission to the violation. He asserts that when he submitted to the alleged violation, it "was not an admission of the underlying facts of the new offenses, but rather a product of an agreement reached between the parties." No agreement, however, appears in the record, and the trial court made very clear that the court alone would determine the consequence for the revocation, including the possibility of incarceration. The trial court did not err.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., PRESIDING JUDGE

-3-