# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 5, 2014

## STATE OF TENNESSEE v. CHRISTOPHER MARK BRIDGES

**Appeal from the Circuit Court for Madison County**
**No. 98-505/97-677     Donald H. Allen, Judge**

---

**No. W2013-01481-CCA-R3-CD  -  Filed March 19, 2014**

---

The defendant, Christopher Mark Bridges, pled guilty to violating his probation and now appeals the trial court's order requiring him to serve his sentence in confinement. We affirm the judgment of the trial court in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Gregory D. Gookin, Jackson, Tennessee, for the appellant, Christopher Mark Bridges.

Robert E. Cooper, Jr., Attorney General and Reporter; Caitlin E.D. Smith, Senior Counsel; James G. Woodall, District Attorney General; and Shaun A. Brown, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On December 31, 1997, the defendant pled guilty to aggravated burglary, a Class C felony, theft over $1000, a Class D felony, and vandalism under $500, a Class A misdemeanor. He received a four-year sentence to be served on probation. On June 30, 1998, the defendant pled guilty to vehicle burglary and received a two-year sentence to be served on probation consecutively to his initial four-year sentence. The defendant was sentenced to a total of six years of probation. After a hearing on May 28, 2013, in which the defendant admitted to violating the terms of his probation, the trial court revoked his probation and ordered that he serve the remainder of his six-year sentence in incarceration. The trial court observed that the defendant received multiple opportunities for probation, yet

violated his probation several times. The defendant argues that the trial court erred in completely revoking his probation and requests that the court instead reinstate his probation in the state of Indiana to allow it to run concurrently with his sentence for burglary and theft. The trial court obtained jurisdiction after the defendant signed a waiver of extradition to return to the state of Tennessee. The defendant's sentence in Indiana is a three-year sentence requiring one year of incarceration, six months of house arrest, six months of work-release, and a year of probation. The defendant is currently in the work-release portion of his sentence.

A trial court has the discretion to revoke probation if it finds by a preponderance of the evidence that a defendant violated the conditions of probation. *See* T.C.A. §§ 40-35-310, -311(e) (2010); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). If the trial court does find by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to: (1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years. T.C.A. §§ 40-35-308(a), -308(c), -310, -311(e)(1). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991).

Appellate courts have a limited scope of review when a defendant challenges a probation revocation. This court will not disturb the judgment of the trial court "unless it appears that there has been an abuse of discretion." *Id.* A trial judge abuses his or her discretion only if there is "no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation occurred." *Shaffer*, 45 S.W.3d at 554 (Tenn. 2001).

The evidence contained in the record shows that the defendant admitted he violated the terms of his probation. He initially received four years of probation on December 30, 1997, after a plea of guilty to the charges of aggravated burglary, theft of property over $1000, and vandalism under $500. The terms of the defendant's probation were revoked and reinstated June 30, 1998, when he received an additional two years of probation after a guilty plea to the charge of vehicle burglary. The terms of his probation required the defendant to inform his probation officer if he was leaving the state and did not allow him to leave the state without permission. The terms also required that the defendant pay at least $75 per month in court costs and fines.

On July 2, 1999, a probation violation report was filed against the defendant. The Madison County Circuit Court then issued a probation warrant for the defendant on July 7,

1999, which stated that the defendant had not reported to his probation officer since March 24, 1999, that he owed $250 in probation fees for the months of December, 1998, through July, 1999, that he last provided proof of a court payment on May 4, 1998, and that he had not paid $75 per month as the court ordered. The defendant pled guilty to burglary and theft in the state of Indiana on July 25, 2012, and the Madison County Circuit Court issued an amended probation warrant for the defendant on May 22, 2013. The defendant claimed he was evicted from his Tennessee residence in 1999 and had to move to Indiana to live with his grandmother. He further stated that he informed his probation officer of his situation and that the officer advised him "just to take care of this situation." However, the record indicates that the defendant never attempted to report to his probation officer after moving, nor did he attempt to pay any of the court-ordered fees.

Having properly concluded that a violation had occurred, the trial court was statutorily authorized to order incarceration. Thus, we conclude that the trial court neither erred nor abused its discretion when it revoked the defendant's probation and ordered that the defendant serve his sentence in incarceration.

It appearing that the evidence does not preponderate against the findings of the trial court and that this opinion would have no precedential value, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE