# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 9, 2014

## STATE OF TENNESSEE v. LINDA GARVIN

**Appeal from the Circuit Court for Maury County**
**No. 19317       Stella L. Hargrove, Judge**

---

**No. M2013-02165-CCA-R3-CD - Filed May 16, 2014**

---

The defendant, Linda Garvin, pleaded guilty to two counts of the sale of cocaine in the amount of .5 grams or less, Class C felonies. She received two four-year sentences to be served consecutively on probation for an effective sentence of eight years. She admitted to violating the terms of her probation. After a probation revocation hearing, the trial court found that the defendant had violated the terms of her probation and ordered her to serve the remainder of her sentence in the penitentiary. The defendant now appeals, arguing that her right to due process was violated because the trial court revoked her probation without making a sufficient statement as to the evidence relied upon and the reasons for revoking probation and that the trial court abused its discretion in revoking her probation. After a thorough review of the record, we affirm the judgment of the trial court

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

Claudia Jean Spence Jack, Columbia, Tennessee, for the appellant, Linda Garvin.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Elaine Wilber, Assistant Attorney General; Mike Bottoms, District Attorney General; and Dan Runde, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## FACTS AND PROCEDURAL HISTORY

On April 11, 2013, a probation revocation warrant was issued for the defendant after she tested positive for cocaine and benzodiazepine. This was the defendant's second probation revocation, as her probation previously had been revoked for ninety days on July 28, 2011.

At the probation revocation hearing, the court heard testimony from Ms. Christie Dickey, who was the defendant's acting probation officer, the defendant, and Ms. Elizabeth Hicks. Ms. Dickey was acting as the defendant's probation officer because her original probation officer was on medical leave. On March 28, 2013, Ms. Dickey administered a drug screen to the defendant, and when Ms. Dickey field-tested the sample, it came back positive for cocaine and benzodiazepine. Ms. Dickey sent the sample to the Medtox laboratory for further testing, and the laboratory confirmed that the sample tested positive for Oxazepam, Temazepam, and Benzoylecgonine. In the wake of the positive test, Ms. Dickey sought a probation revocation warrant because the defendant violated Probation Rule Number Eight, which stated that she would not use any narcotic drugs or marijuana.

When asked if the defendant provided her with any prescriptions that would explain why she had the drugs in her system, Ms. Dickey testified that "there is no prescription for cocaine." She also stated that the defendant informed her that she was taking prescription medication and that the defendant had produced an older prescription bottle that Ms. Dickey believed was for an antidepressant. The defendant admitted to Ms. Dickey that she had used cocaine the Tuesday before and a few weeks before her scheduled meeting. Ms. Dickey requested the drug screen of the defendant because she had last been drug tested two years earlier. Ms. Dickey was aware that the defendant completed a drug treatment program at Buffalo Valley and the Tony Rice outpatient program while on probation.

The defendant testified that she went to jail on June 12, 2013, and developed a heart condition on July 15, 2013. She attributed the condition to stress and her age and stated that the condition would produce feelings of heat, clamminess, and dizziness, after which she would pass out. She did not feel as though she received adequate medical treatment in jail. She stated that she did not have any family and was lonely and used drugs to "deal with the pain," a method she recognized was not "the correct way." She testified that she had mental health issues and that antidepressants, therapy, attending N.A. (Narcotics Anonymous) meetings, and a return to her church would be helpful in combating her drug usage. She believed that she needed to keep herself busy and suggested that volunteering at a senior center would be a suitable way for her to "do some good and receive something back." She also testified that it would be "suicide" for her to continue to use drugs with her current heart condition.

The defendant did not know what drug she took that resulted in the positive test for benzodiazepine. She stated that she had a headache and asked a friend, who usually had Aleve gel caps, if she had anything. The friend did not have any Aleve but gave her "something else." She admitted to using cocaine while on probation, stating that "I have tried and I've done better, but I'm not perfect yet." She used the cocaine because she "had chosen the wrong route to deal with [her] depression." She admitted that someone knocked on her door "with crack in their hand" and that she did not turn them away. She spent twenty-eight days at the Buffalo Valley treatment program and sixteen weeks at the Tony Rice outpatient program, where she attended classes once a week. She believed that she needed a rehabilitation program that lasted longer than thirty days and testified that she was enrolled to begin treatment in the Place of Hope on July 1, 2013, but could not enter the program because she was arrested on June 12, 2013.

Ms. Elizabeth Hicks testified that she had not met the defendant until the day of the hearing but had written her several letters while the defendant was incarcerated. She stated that, if the court permitted it, she was willing to ensure that the defendant arrived at a treatment program in Gallatin.

At the conclusion of the testimony, the trial court listed the numerous opportunities the defendant received to seek help. The court observed that when the defendant pleaded guilty to two counts of selling cocaine that she received probation and did not have to serve any jail time. The court noted that convictions on the original charges of selling cocaine in a drug-free zone would have required the defendant to serve one hundred percent of her sentence in jail. The court observed that the defendant's first probation revocation occurred after several positive tests for cocaine and that two of the positive tests may have been "handled in house," meaning that the defendant did not have to come to court. The court also noted that the defendant had completed two rehabilitation programs while on probation but had not made an official request for further treatment at the time of her current probation revocation hearing. The court finally observed that the reason for the current hearing was yet another positive test for cocaine. The trial court stated that it had not received any telephone calls or notices from the jail expressing an inability to house the defendant, and it revoked the defendant's probation and ordered her to serve the remainder of the sentence in confinement. The court stated that it would recommend special needs in the penitentiary, noting that the special needs program could provide comparable treatment to a rehabilitation facility.

**ANALYSIS**

The defendant argues that the trial court violated her right to due process and abused its discretion in revoking her probation. She specifically contends that her right to due

process was violated when the trial court failed to make a sufficient statement indicating the evidence relied on and reasons for revoking probation. She also contends that the trial court abused its discretion in revoking the defendant's probation because the sole ground for revocation was a positive drug test.

A trial court has the discretion to revoke probation if it finds by a preponderance of the evidence that a defendant violated the conditions of probation. *See* T.C.A. §§ 40-35-310, -311(e) (2010); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). If the trial court does find by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to: (1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years. T.C.A. §§ 40-35-308(a), -308(c), -310, -311(e)(1). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991).

Appellate courts have a limited scope of review when a defendant challenges a probation revocation. This court will not disturb the judgment of the trial court "unless it appears that there has been an abuse of discretion." *Id.* A trial judge abuses his or her discretion only if there is "no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554 (Tenn. 2001).

At a probation revocation hearing, a defendant is not entitled to the full array of procedural protections associated with a criminal trial. *See Black v. Romano*, 471 U.S. 606, 613 (1985); *Gagnon v. Scarpelli*, 411 U.S. 778, 786-90 (1973). However, the defendant is afforded "the minimum requirements of due process," which include: (1) written notice of the claimed violation of probation; (2) disclosure to the probationer of evidence against him or her; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless good cause is shown for not allowing confrontation); (5) a neutral and detached hearing body, members of which need not be judicial officers or lawyers; and (6) a written statement by the fact-finder regarding the evidence relied upon and the reasons for revoking probation. *Gagnon*, 411 U.S. at 786; *Morrisey v. Brewer*, 408 U.S. 471, 489 (1972).

The defendant only takes issue with the final requirement, contending that the trial court did not provide a written statement regarding the evidence relied upon and the reasons for revoking probation. However, this court has stated that a transcript of the hearing is an acceptable substitute for a written order "if the record includes the evidence relied upon and

-4-

the reasons for revocation." *State v. Leiderman*, 86 S.W.3d 584, 590 (Tenn. Crim. App. 2002). A defendant's right to due process is satisfied when the transcript of the hearing demonstrates that the trial court "provided adequate findings at the conclusion of the probation revocation hearing showing both the grounds for the revocation and the reasons for the court's findings." *State v. Quincy Mills*, No. E2010-00519-CCA-R3-CD, 2011 WL 3568377, at \*2 (Tenn. Crim. App. Aug. 15, 2011).

At the conclusion of the hearing, the trial court remarked, "[a]nd so here she is again. We're here today on the warrant issued April 11, 2013, positive again for cocaine. . . . And so now the Court revokes the eight year probation of [the defendant]," implicitly finding that the reason for the defendant's revocation was her positive drug screen. Although the remarks were brief, we conclude that the trial court's oral ruling made clear that it was revoking the defendant's probation based upon her cocaine usage, which violated of the terms of her probation. The defendant's right to due process was not violated, and the defendant is not entitled to relief on this issue.

The defendant next contends that the trial court abused its discretion in revoking the defendant's probation. Specifically, she argues that because the positive drug test was the sole ground for revoking probation and the evidence showed that the defendant was seeking help for her addiction, the trial court erred in revoking her probation. The defendant argued that she suffered from mental illness and that sentencing a sixty-five-year-old to serve time in prison "due to the effects of illness is neither just nor sensible, especially when she makes efforts to overcome adversity." However, when a trial court finds that the defendant violated the conditions of probation based on a preponderance of the evidence, the trial court is authorized to revoke the probation and order the defendant to serve the remainder of the sentence in confinement. *See* T.C.A. § 40-35-311(e)(1)(A). Here, the defendant tested positive for cocaine, benzodiazepine, Oxazepam, Temazepam, and Benzoylecgonine, and admitted to using cocaine and crack. One of the terms of the defendant's probation, Rule Number Eight, stated that the defendant would not use any narcotic drugs or marijuana. The trial court found by a preponderance of the evidence that the positive test for cocaine indicated that the defendant used a narcotic drug, which was a violation of a condition of her probation. After finding that the defendant violated a condition of probation, the trial court had the discretion to order the defendant to serve the remainder of her sentence in confinement, where it noted that she could receive comparable treatment to that offered by a rehabilitation facility for her addiction. Accordingly, we conclude that there was no abuse of discretion and that the defendant is not entitled to any relief on this issue.

## CONCLUSION

Based upon the foregoing reasons, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE