# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 13, 2015 at Knoxville

## STATE OF TENNESSEE v. KENNETH LEIGH McPEAK

**Appeal from the Circuit Court for Rutherford County**
**No. F-68844     David Bragg, Judge**

_____

### No. M2015-00089-CCA-R3-CD – Filed November 20, 2015
_____

The defendant, Kenneth Leigh McPeak, appeals the revocation of the probationary sentence imposed for his Rutherford County Circuit Court convictions of attempted rape. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed; Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Russell N. Perkins, Assistant District Public Defender, for the appellant, Kenneth Leigh McPeak.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Jennings Jones, District Attorney General; and Shawn Puckett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On June 28, 2013, the defendant, originally charged with two counts of rape, pleaded guilty to two counts of attempted rape, in exchange for two consecutive eight-year sentences. Following the service of one year in confinement, the remainder of the defendant's 16-year sentence was to be served on supervised probation. As part of his plea agreement, the defendant agreed to several special conditions, including undergoing a psychosexual evaluation and following any recommendations, undergoing sex offender treatment and taking responsibilty for his actions, registering as a sex offender, and following all related directives of his probation officer. In addition, the defendant agreed to "serve his sentence and waive application for suspended sentence with any future violations."

On October 21, 2014, the defendant's probation supervisor filed a probation violation report alleging that the defendant had violated the terms of his probation by failing to obtain employment and by failing to provide proof that he had sought employment; by being dismissed from the sex offender treatment program for non-compliance; and by failing to submit to a scheduled polygraph assessment.

At the December 15, 2014 revocation hearing, Jesse Branscum, the defendant's probation supervisor, testified that the defendant first reported to the probation office on May 5, 2014. Although the defendant claimed he had applied for "about 10 jobs in the past few months," the defendant never provided proof that he had sought employment. The defendant failed to arrive as scheduled to complete a polygraph examination, and he failed to attend required treatment classes.

The defendant testified that he served one year in incarceration and that, shortly after reporting for probation, he completed a job readiness class. The defendant stated that he had applied to work at "[a]bout 15 or 18 different places" and that he had given a handwritten list "of all the places [he] went to . . . and the date that [he] went" to his probation officer. The defendant was unable to name any specific establishment with which he had sought employement, but he stated that "some of it was stock, working in a warehouse. Stuff like that."

With respect to the sexual offender treatment classes, the defendant testified that he began attending class on October 2 and attended weekly until October 20. The defendant explained that he failed to attend the October 20 class because the instructor informed him that "he was going to drop me if I didn't have the $175 for the lie detector test, which I did not have at the time." The defendant had requested to postpone the polygraph examination, but the instructor denied his request. In response to questioning by the trial court, the defendant admitted that, at the time he entered his guilty pleas to the charges of attempted rape, he understood that any violation of the terms of his plea agreement would result in service of his entire sentence in incarceration.

The State called Mr. Branscum as a rebuttal witness. Mr. Branscum stated that although a cost is associated with polygraph examinations, people on probation "typically" would not be dismissed from the program due to nonpayment of the fee. Without objection, the State introduced into evidence an assessment letter from Jack Tracy, the defendant's sexual offender treatment provider. Mr. Tracy's conclusions following his treatment of the defendant stated, in pertinent part, as follows:

> [The defendant] denies his offense of conviction and assumes
> no responsibility for his criminal sexual behavior. He blames
> the victim and his attorney for his current legal status. As a

result of his denial [the defendant] was placed in a pre-treatment group in order to assist him in the breaking of his denial. In pre-treatment [the defendant] was . . . required to give a credible statement of responsibility for his offense of conviction, complete a sexual history which is verified by a polygraph exam, and demonstrate his ability to understand and follow the rules of his supervision. [The defendant] began pre-treatment group on 8-2-14. In pre-treatment he continued to deny his offense and was asked to schedule a polygraph exam which he scheduled for 10-20-14. [The defendant] failed to show for his scheduled appointment and he missed his last scheduled pre-treatment group. [The defendant] was discharged from pre-treatment group on 10-20-14.

At the conclusion of the hearing, the trial court concluded that the defendant "failed to abide by the terms of his probation and failed to satisfactorily complete the conditions of his probation." The court commented:

The Court recognizes that [the defendant] has had difficulty getting a job. I have got a conflict in the testimony. [The defendant] says that he's been to 10 to 18 places to seek employment, and that he's given his probation officer a list of those places. The testimony is not supported by the testimony of the probation officer.

[The defendant] first appeared to probation in June. A violation warrant was filed in October. And it appears to the Court that [the defendant] now appears to complain that he entered a plea to the charge, but now he doesn't want to accept responsibility for those actions that led up to his plea.

The Court – [the defendant] was not only before the Court when the conditions were announced. The Court recalls that it also went over those conditions with [the defendant] to some extent. And specifically advised [the defendant] if he understood that if he failed to comply with those conditions, he was going to be required to serve his entire sentence.

The Court finds, based upon the testimony that it's heard today, that [the defendant] has failed to comply with the conditions of his probation [and] orders that he serve his sentence as imposed with any applicable credit.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

In the present case, the proof adduced at the revocation hearing showed that the defendant violated the terms of his probation by failing to obtain employment or provide proof that he had sought employment. Although the defendant maintained that he had provided his probation officer with a list of the establishments to which he had applied for jobs, he made no attempt to introduce into evidence a copy of that list at the revocation hearing, and he was unable to name a single place from which he had sought employment. In addition, the proof at the hearing established that the defendant violated the terms of his probation by utterly failing to take responsibility for his actions, by failing to comply with the terms of his treatment program, and by failing to take his polygraph examination as scheduled. The record fully supports these determinations, justifying the revocation of probation.

We detect, however, an error in one of the judgment forms that requires correction. From the record, it appears that the defendant received a sentence of 16 years of split confinement: one year of incarceration followed by 15 years on supervised probation. However, the judgment form in count two – the sentence of which is ordered

- 4 -

to run consecutively to the sentence in count one – does not reflect this agreement. It erroneously indicates that the defendant must serve one year in incarceration for this sentence as well, which would lead to two years in incarceration followed by 14 years on probation. On remand, we direct the trial court to correct the judgment form in count two to effectuate the proper judgment and sentence.

We hold that the trial court acted within its discretion, and we affirm the order of revocation and the imposition of the original sentence.

_____
JAMES CURWOOD WITT, JR., JUDGE