IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 9, 2016

**STATE OF TENNESSEE v. JACOB A. WRIGHT**

**Appeal from the Criminal Court for Davidson County**
**No. 2015-A-736     J. Randall Wyatt, Jr., Judge**

———————————

**No. M2015-01517-CCA-R3-CD – Filed February 10, 2016**

———————————

The defendant, Jacob A. Wright, appeals the revocation of the probationary sentence imposed for his Davidson County Criminal Court conviction of kidnapping. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Nick McGregor, Nashville, Tennessee, for the appellant, Jacob A. Wright.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Amy M. Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 15, 2015, the defendant, originally charged with one count each of the aggravated kidnapping and domestic assault of the victim, pleaded guilty to one count of kidnapping, in exchange for dismissal of the domestic assault charge and a three-year sentence to be served on supervised probation.

On July 6, 2015, the defendant's probation supervisor filed a probation violation report alleging that the defendant had violated the terms of his probation by being arrested for domestic assault in Davidson County and by having an outstanding fugitive-from-justice warrant in the state of Georgia.

At the July 30, 2015 revocation hearing, Joseph Stevenson testified that, at approximately 8:00 p.m. on July 2, 2015, he returned to his residence at the Congress Inn

on Dickerson Road and passed the room where the defendant and the victim, the defendant's girlfriend, resided. Because the window into the defendant's room was not covered, Mr. Stevenson saw the defendant and the victim "having a physical altercation":

> He is basically swinging and trying to fight on top of her. She is on the other side of him in a defensive motion trying to defend herself.
>
> . . . .
>
> She was basically down on her, I guess, down on her knees in front of him.

As Mr. Stevenson continued past the defendant's room, the defendant hurriedly closed the curtains, but Mr. Stevenson could still hear the couple "yelling and arguing and screaming." Before Mr. Stevenson was able to contact the police, another resident at the complex had done so. When law enforcement officers arrived, Mr. Stevenson provided a statement. Mr. Stevenson testified that he was aware that the defendant and the victim had had "previous incidents."

John Geas, the defendant's probation supervisor, testified that the defendant began probation on April 15, 2015. Sometime later, Officer Geas learned that the defendant had an outstanding fugitive-from-justice warrant in the state of Georgia, having absconded from "a DUI, and one other charge," for which the defendant had received a three-year sentence.

At the conclusion of the hearing, the trial court concluded as follows:

> Well, I heard enough here from Mr. Stevenson very loud clear and clear [sic] what was happening there and it is the [c]ourt's decision based on the preponderance of the evidence that this activity that was going on at the Congress Inn at Dickerson Road was in violation of probation. He has this other issue out of Georgia, that doesn't help him any, but this victim in this case, domestic assault is the same victim as the kidnapping who he is on probation about to begin with, under all of those circumstances this warrant is going to be sustained and probation is going to be revoked.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State*

*v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.

In the present case, the proof adduced at the revocation hearing showed that the defendant violated the terms of his probation by assaulting the victim – the same victim whom he had kidnapped, resulting in the sentence of probation. The record fully supports this determination, justifying the revocation of probation.

We hold that the trial court acted within its discretion, and we affirm the order of revocation and the imposition of the original sentence.

_____
JAMES CURWOOD WITT, JR., JUDGE