IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2016

## STATE OF TENNESSEE v. TIMOTHY LEWAYNE MORTON

**Appeal from the Criminal Court for Sumner County**
**No. 771-2013      Dee David Gay, Judge**
_____

**No. M2015-02279-CCA-R3-CD – Filed September 22, 2016**
_____

The trial court found that the Defendant, Timothy Lewayne Morton, violated the conditions of his two-year probation when he was arrested for disorderly conduct and public intoxication. The Defendant pled guilty to the disorderly conduct charge prior to the revocation hearing. The Defendant asserts that there was insufficient evidence to support the finding of a violation. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Thomas Bailey (on appeal), Nashville, Tennessee, and Randy P. Lucas (at hearing), Gallatin, Tennessee, for the appellant, Timothy Lewayne Morton.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Ray Whitley, District Attorney General; and Sidney Preston, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

The Defendant, Timothy LeWayne Morton, pled guilty on August 13, 2014, to one count of telephone harassment and one count of solicitation to bribe a witness. He received a sentence of eleven months and twenty-nine days for the telephone harassment

conviction and a sentence of two years for the solicitation to bribe a witness conviction. The trial court ordered the Defendant to serve both sentences on probation concurrently for an effective sentence of two years.

A probation revocation warrant was issued for the Defendant on September 8, 2015, after he was arrested for disorderly conduct and public intoxication. The public intoxication charge was retired, but the Defendant pled guilty to disorderly conduct. While the judgment for this conviction is not included in the record, the Defendant and his attorney both acknowledged at the revocation hearing that he entered a guilty plea to the charge prior to the hearing. However, the Defendant testified that he entered the plea without being afforded the advice of counsel, that the plea was not entered in open court, and that he did not understand the ramifications of the plea, particularly that it could result in a violation of his probation. He subsequently acknowledged, however, that he had previously been found in violation of another probationary sentence after being arrested for public intoxication.

The Defendant's probation officer, Mr. Theodore Malone, testified that the arrest for disorderly conduct and public intoxication was in direct violation of the terms and conditions of the Defendant's probation. Further, this was the Defendant's second violation of probation in this case.

At the probation revocation hearing, the Defendant testified that he went to the courthouse to speak with Sheriff Weatherford regarding paperwork. The Defendant testified that when he arrived at the security entrance, he and his computer were searched by Deputy Leanne Wix. Subsequently, Deputy Billy Cothron also asked to search his computer, and the Defendant became upset because he felt the second search was harassment. Although the Defendant denied being intoxicated, he did admit at the hearing that he was loud and used profanity towards the deputies after his arrest. He also acknowledged using profanity in a conversation with an assistant district attorney but stated that the profanity was not directed toward the assistant district attorney. He denied having any confrontation or being loud prior to the time he was arrested. Deputy Cothron placed the Defendant under arrest.

Deputy Wix testified that the Defendant was "loud" and "somewhat irate" and smelled of alcohol when she encountered him at the courthouse. She testified she did not search him or his computer but told him that he could not have his computer or telephone in that part of the building. She directed him out the door to another entrance. The Defendant was not belligerent with her.

Deputy Cothron testified that Deputy Wix and Deputy Chartier called Deputy Cothron to assist with the Defendant, who was intoxicated and becoming belligerent.

Deputy Cothron saw the Defendant stumbling outside the courthouse. He testified that he smelled alcohol on the Defendant and that the Defendant was causing a scene at the courthouse. The defendant was "very loud" and cursing. An audio recording of the arrest was entered into evidence, and the recording captures the Defendant's profanity and violent threats against Deputy Cothron made during the arrest. Deputy Cothron testified that prior to the recording, the Defendant was cursing and talking to bystanders and that he shouted and cursed at the assistant district attorney, who was across the street. Deputy Cothron testified that the Defendant was "screaming and yelling" and that his actions disrupted the activities of the general sessions court because Deputy Nicky Booker had to leave the front door to assist Deputy Cothron. Deputy Cothron testified that the Defendant's actions also caused a crowd to form and spill over onto the street and that his actions prevented the bystanders from continuing their lawful business in general sessions court.

The trial court found by a preponderance of the evidence that the Defendant violated his probation. The court found that the Defendant was loud, cursing, and yelling at bystanders in front of the courthouse. The court further found that the Defendant continued to be loud and that he was disrupting court proceedings. An officer stationed at the door of the courthouse had to leave his post to assist. The court found that the Defendant's conduct became substantially worse after his arrest.

## ANALYSIS

The Defendant argues that the trial court abused its discretion because the evidence was insufficient to show that the Defendant violated the terms of his probation. He specifically contends that the trial court failed to make a sufficient finding of fact to revoke probation based on the Defendant's disorderly conduct and public intoxication. He also contends that the trial court applied a "clearly erroneous assessment of the proof."

A trial court has the discretion to revoke probation if it finds by a preponderance of the evidence that a Defendant violated the conditions of the probation. *See* T.C.A. §§ 40-35-310, -311(e) (2010); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). Generally, a trial court abuses its discretion when it "applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The trial court may revoke probation if it finds by a preponderance of the evidence that a defendant violated a condition of his or her probation. T.C.A. § 40-35-311(e)(1); *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious

and intelligent judgment." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). If the trial court does find by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to: (1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years. T.C.A. §§ 40-35-308(a), -308(c), -310, 311(e)(1).

Appellate courts have a limited scope of review when a defendant challenges a probation revocation. This court will not disturb the judgment of the trial court "unless it appears that there has been an abuse of discretion." *Harkins*, 811 S.W.2d at 82. A trial court abuses its discretion only if there is "no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554.

Here, testimony from the Defendant and the courthouse deputies is undisputed that the Defendant was loud and used profanity at the courthouse. The terms of the Defendant's probation required him to obey the laws of the United States as well as any applicable state and local ordinances. Disorderly conduct is prohibited by statute in the State of Tennessee. *See* T.C.A. § 39-17-305. The prosecution argued that the Defendant violated the statute by making "unreasonable noise that prevents others from carrying on lawful activities." T.C.A. § 39-17-305(b). The trial court found that the Defendant was loud, that he was yelling and cursing, and that his actions prevented a deputy from manning the courthouse doors and prevented bystanders from proceeding to court.

Significantly, the Defendant pled guilty to disorderly conduct. "[I]n *Practy v. State*, the defendant's guilty plea to a new offense led the court to conclude that sufficient grounds for revocation existed." *State v. Glendall D. Verner*, No. M2014-02339-CCA-R3-CD, 2016 WL 3192819, at *7 (Tenn. Crim. App. May 31, 2016) (citing *Practy v. State*, 525 S.W.2d 677, 682 (Tenn. Crim. App. 1974)). Although the Defendant raises issues regarding the validity of his plea, a probation revocation proceeding does not provide a mechanism for challenging a guilty plea. In any event, we hold that the trial court had sufficient grounds to find by a preponderance of the evidence that the Defendant violated the terms of his probation and to revoke the Defendant's probation and impose the Defendant's original sentence. The trial court did not abuse its discretion.

Additionally, the Defendant argues that the trial court erred by finding that a preponderance of the evidence showed that the Defendant was intoxicated and, thus, in violation of his probationary terms and conditions. The trial court's finding that the Defendant violated the statute prohibiting disorderly conduct is sufficient evidence to find that the court did not abuse its discretion by revoking probation. Therefore, we need not reach this issue to affirm the trial court's judgment.

-4-

**CONCLUSION**

Based upon the foregoing reasons, we affirm the judgment of the trial court.


_____

JOHN EVERETT WILLIAMS, JUDGE